◼ In the Matter of GARFIELD M., Appellant.—In a proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Queens County (Torres, J.), dated April 23, 1986, which, upon a fact-finding order dated November 26, 1985, made after a hearing, found that the appellant committed acts which, if done by an adult, would have constituted the crimes of robbery in the third degree and criminal possession of stolen property in the third degree, placed him with the New York State Division of Youth in a title III facility, for a period of 18 months.

Ordered that the order of disposition is affirmed, without costs or disbursements.

The Family Court Judge's opinion, dated April 23, 1986, with respect to the disposition, demonstrates his careful consideration of less restrictive alternatives to placing the appellant in a title III facility. The court noted in its opinion that the appellant was beyond his family and mother's control, and that despite some positive periods of adjustment in title II facilities where he was temporarily placed, he had a history of acting out his aggressive impulses. He had been rejected from

placement by several title II facilities where the Probation Department attempted to place him, and was in need of a more secure setting providing him with therapy.

On this record, there is no basis to conclude that the Family Court abused its discretion in ordering the appellant's placement in a title III facility (see, Matter of Nathan N., 56 AD2d 554). We also find no merit to the appellant's contention that the court erred in denying his request for authorization to obtain the services of a psychologist. County Law § 722-c provides that a court may authorize counsel to obtain an expert or other services upon a finding that such services are necessary. In this case, the court concluded that a necessity did not exist in view of the extensive evaluation and psychological examination of the appellant by the Family Court Mental Health Services and the Probation Department.

We also find no merit to the appellant's remaining contentions concerning certain evidentiary rulings made by the court in the proper exercise of its discretion during the dispositional hearing. Bracken, J. P., Weinstein, Rubin and Harwood, JJ., concur.