■ In the Matter of ANTHONY M., a Person Alleged to be a Juvenile Delinquent, Appellant.—In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Queens County (De Phillips, J.), dated March 10, 1987, which, upon a fact-finding order of the same court, dated February 18, 1987, made after a hearing, finding that the appellant had committed acts which, if committed by an adult, would have constituted the crime of unauthorized use of a vehicle in the third degree, adjudged him a juvenile delinquent and placed him under the supervision of the Division for Youth, Title II, for a period of up to 12 months.

Ordered that the order of disposition is affirmed, without costs or disbursements.

Viewing the evidence in the light most favorable to the presentment agency *(see, Matter of Gaylord II.,* 106 AD2d 823, 825), we find that it was legally sufficient to establish the appellant's guilt beyond a reasonable doubt. Upon the exercise of our factual review power (CPL 470.15 [5]), we find that the weight of the evidence adduced at the hearing clearly established that the appellant rode in the stolen vehicle knowing that it was stolen.

Furthermore, we find no improvident exercise of discretion in the disposition made by the Family Court. At the dispositional hearing, the appellant's probation officer and a psychologist recommended structured placement based upon the appellant's poor school attendance, lack of control at home and aggressive behavior. Both the psychologist and probation officer felt that the appellant's grandmother, who was also the appellant's adoptive mother, would be unable to control him in the future.

Our review of the record confirms that the Family Court properly concluded after conducting a thorough inquiry, that structured placement would serve the appellant's present needs and best interests *(see,* Family Ct Act § 352.2 [2]; *Matter*

*of Katherine W.,* 62 NY2d 947; *Matter of Raymond A.,* 136 AD2d 700; *Matter of Douglas R. S.,* 123 AD2d 868). Furthermore the Family Court adopted the least restrictive alternative commensurate with those concerns *(see,* Family Ct Act § 352.2 [2]). The least restrictive alternative test does not require the court to actually try the lowest form of intervention, have it fail, and then try each succeeding level of intervention before ordering secure placement (Besharov, Supp Practice Commentaries, McKinney's Cons Laws of NY, Book 29A, 1988 Pocket Part, Family Ct Act § 352.2, at 108). The relative advantages and disadvantages of placing the appellant in a secure facility were properly reviewed at the dispositional hearing *(see, Matter of Katherine W., supra).* Accordingly it cannot be said that the Family Court improvidently exercised its discretion in ordering the appellant placed in the Title II facility. Kunzeman, J. P., Weinstein, Eiber and Spatt, JJ., concur.