■ In the Matter of Daryl S., a Person Alleged to be a Juvenile Delinquent, Appellant.—In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Queens County (Ambrosio, J.), dated October 15, 1987, which, upon a fact-finding order of the same court, dated September 16, 1987, made after a hearing, finding that the appellant had commit-

ted acts which, if committed by an adult, would have constituted the crime of manslaughter in the second degree, adjudged him a juvenile delinquent and placed him under the supervision of the Division for Youth, Title III, for a period of up to 18 months.

Ordered that the order of disposition is affirmed, without costs or disbursements.

Contrary to the appellant's contentions, the Family Court did not improvidently exercise its discretion in placing the petitioner in a Title III facility. Our review of the record confirms that the Family Court properly weighed the relative advantages and disadvantages of placing the appellant in a secure facility and concluded, after questioning the quality of the appellant's home supervision, that structured placement would serve the appellant's present needs and best interests (see, Family Ct Act § 352.2 [2]; *Matter of Katherine W.,* 62 NY2d 947; *Matter of Anthony M.,* 142 AD2d 731). Although the appellant contends otherwise, we are satisfied that the Family Court adopted the least restrictive alternative commensurate with the foregoing concerns under the circumstances presented (Family Ct Act § 352.2 [2]). As we have recently observed, "[t]he least restrictive alternative test does not require the court to actually try the lowest form of intervention, have it fail, and then try each succeeding level of intervention before ordering secure placement" *(Matter of Anthony M., supra,* at 732). Accordingly, it cannot be said that the Family Court improvidently exercised its discretion in ordering the appellant placed in a Title III facility. Mangano, J. P., Weinstein, Kooper and Balletta, JJ., concur.