In the Matter of DANE L., a Person Alleged to be a Juvenile Delinquent, Appellant.—In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeals are from (1) an order of disposition of the Family Court, Queens County (Gage, J.), dated October 18, 1988, which, upon a fact-finding order of the same court, dated May 12, 1988, finding that the appellant had committed an act which if committed by an adult, would have constituted the crime of possession of burglars' tools, adjudged him to be a juvenile delinquent and placed him with the Division for Youth, Title III, for a period not to exceed one year, (2) an order of disposition of the same court, also dated October 18, 1988, which, upon a fact-finding order also dated May 12, 1988, finding that the appellant had committed an act, which, if committed by an adult, would have constituted the crime of unauthorized use of a motor vehicle in the third degree, adjudged him to be a juvenile delinquent, and placed him with the Division for Youth, Title III, for a period not to exceed one year, and (3) an order of disposition of the same court (Schindler, J.), dated November 9, 1988, which, upon a fact-finding

order of the same court, dated November 9, 1988, finding that the appellant had committed an act which, if committed by an adult, would have constituted the crime of unauthorized use of a vehicle in the third degree, adjudged him to be a juvenile delinquent and placed him with the Division for Youth, Title III, for a period not to exceed one year.

Ordered that the orders of disposition are affirmed, without costs or disbursements.

Contrary to the appellant's contentions, the Family Court did not improvidently exercise its discretion in placing him in a Title III facility. Our review of the record confirms that the Family Court properly weighed the relative advantages and disadvantages of placing the appellant in a secure facility and concluded, after questioning the quality of the appellant's home supervision, that structured placement would serve his present needs and best interests *(see,* Family Ct Act § 352.2 [2]; *Matter of Katherine W.,* 62 NY2d 947; *Matter of Anthony M.,* 142 AD2d 731). Although the appellant contends otherwise, we are satisfied that the Family Court adopted the least restrictive alternative commensurate with the foregoing concerns under the circumstances presented (Family Ct Act § 352.2 [2]). As we have recently observed, "[t]he least restrictive alternative test does not require the court to actually try the lowest form of intervention, have it fail, and then try each succeeding level of intervention before ordering secure placement" *(Matter of Anthony M., supra,* at 732; *Matter of Daryl S.,* 143 AD2d 835, 836). Bracken, J. P., Kunzeman, Kooper and Balletta, JJ., concur.