■ In the Matter of JAMIL W., a Person Alleged to be a Juvenile Delinquent, Appellant.—In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Kings County (Dabiri, J.), dated June 27, 1991, which, upon a fact-finding order of the same court, dated May 8, 1991, made upon the appellant's plea of guilty, finding that the appellant had committed an act which, if committed by an adult, would have constituted the crime of attempted assault in the second degree, adjudged him to be a juvenile delinquent and placed him with Division for Youth, Title III, for a period of 18 months.

Ordered that the order of disposition is affirmed, without costs or disbursements.

We disagree with the appellant's contention that he should

have been placed on probation. The Family Court has wide discretion in entering dispositional orders (Family Ct Act § 141), and it is well settled that "[t]he least restrictive alternative test does not require the court to actually try the lowest form of intervention, have it fail, and then try each succeeding level of intervention before ordering secure placement" *(Matter of Anthony M.,* 142 AD2d 731, 732; *see also, Matter of Dane L.,* 155 AD2d 543).

The Family Court's decision with respect to the disposition demonstrated that it carefully considered the less restrictive alternatives to placing the appellant in a residential facility. The court noted that it gave great weight to the testimony of a psychiatrist who testified that the appellant had serious emotional problems and required intensive psychotherapy and supervision that he could not receive if he remained in the community. The court also determined that the services proposed by the Law Guardian would be insufficient to meet the appellant's needs, and that the necessary psychotherapy would not be effective if he remained at home. The record demonstrates that the court carefully considered the less restrictive alternatives to placing the appellant in a residential facility, and did not improvidently exercise its discretion *(see, Matter of Garfield M.,* 128 AD2d 876). Thompson, J. P., Bracken, Sullivan and Santucci, JJ., concur.