■ In the Matter of ANTHONY Q., a Person Alleged to be a Juvenile Delinquent, Appellant. [614 NYS2d 226] —In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Kings County (Ambrosio, J.), dated September 21, 1992, which, upon a fact-finding order of the same court, dated August 24, 1992, made after a hearing, finding that the appellant had committed an act which, if committed by an adult, would have constituted the crimes of attempted murder in the second degree and assault in the first degree, adjudged him to be a juvenile delinquent and placed him with the Division for Youth, Title III, for eighteen months with a minimum of six months in residence. This appeal brings up for review the fact-finding order dated August 24, 1992.

Ordered that the order is affirmed, without costs or disbursements.

The appellant's claim, raised for the first time on appeal, that the speedy trial provisions of the Family Court Act were violated is untimely *(see,* Family Ct Act § 332.2 [1]; § 332.1 [8]; § 340.1 [1]; *Matter of Brian S.,* 151 AD2d 577; *see also, People v Lawrence,* 64 NY2d 200), and we decline to consider the merits.

We reject the appellant's claim that his counsel's failure to raise a speedy trial objection constituted ineffective assistance of counsel *(see, People v Christian,* 155 AD2d 923; *see generally, People v Baldi,* 54 NY2d 137).

Moreover, viewing the evidence adduced at the fact-finding hearing in a light most favorable to the Presentment Agency *(cf., People v Contes,* 60 NY2d 620), we find that it was legally sufficient to support the adjudication of guilt. The complainant knew the appellant and his family from the neighborhood and at the time of the incident, the two boys were in a dispute over a bicycle. Any inconsistencies in the complainant's testimony were primarily questions to be determined by the trier of fact *(cf., People v Gaimari,* 176 NY 84, 94), and its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record *(see, People v Garafolo,* 44 AD2d 86, 88). Upon the exercise of our

factual review power, we are satisfied that the findings of fact were not against the weight of the evidence *(cf.,* CPL 470.15 [5]).

We have reviewed the appellant's remaining contentions and find that they are either without merit or do not warrant reversal. Ritter, J. P., Copertino, Santucci and Hart, JJ., concur.