■ In the Matter of JASON W., a Person Alleged to be a Juvenile Delinquent, Appellant. [615 NYS2d 918] —In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family

Court, Queens County (Schindler, J.), dated January 26, 1994, which, upon a fact finding order of the same court, dated November 3, 1993, made upon the appellant's admission, finding that the appellant had committed acts which, if committed by an adult, would constitute the crime of unauthorized use of a vehicle in the third degree, adjudged him to be a juvenile delinquent and placed him in nonsecure detention with the Division for Youth for a period of 12 months.

Ordered that the order of disposition is affirmed, without costs or disbursements.

We disagree with the appellant's contention that his placement should have been less restrictive. The Family Court has broad discretion in entering dispositional orders (see, Family Ct Act § 141). Moreover, it is well settled that " '[t]he least restrictive alternative test does not require the court to actually try the lowest form of intervention, have it fail, and then try each succeeding level of intervention before ordering * * * placement' " (Matter of Jamil W., 184 AD2d 513, 514; Matter of Anthony M., 142 AD2d 731, 732; see also, Matter of Dane L., 155 AD2d 543).

The Family Court's decision with respect to the disposition demonstrated that it carefully considered the less restrictive alternatives to the appellant's placement and properly balanced the needs of the juvenile and the need for the protection of the community (see, Family Ct Act § 352.2 [2]). Accordingly, it cannot be said that the Family Court improvidently exercised its discretion. Ritter, J. P., Pizzuto, Santucci and Altman, JJ., concur.