■ RONALD DRAGO et al., Appellants, v NEW YORK CITY TRANSIT AUTHORITY et al., Defendants and Third-Party Plaintiffs-Respondents. GARAFALO ELECTRIC, Third-Party Defendant-Respondent. [642 NYS2d 83] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Kings County (Bernstein, J.), dated May 1, 1995, which denied their motion for summary judgment.

Ordered that the order is affirmed, with costs.

The plaintiff Ronald Drago (hereinafter the injured plaintiff)

suffered injuries when he fell while trying to run away from an exploding electric cable in a subway tunnel. The injured plaintiff had been working for a general contractor hired by the defendant New York City Transit Authority (hereinafter the Transit Authority) to replace the cable which exploded. At the time of the accident, the plaintiff was attaching a new replacement cable, which was attached to the same steel column that the old cable was attached to.

Before the injured plaintiff began work, Arnold Nelson, the assistant electrical engineer for the Transit Authority, observed the old cable hanging overhead from the column. Knowing that the old cable was live and could explode, Nelson instructed the injured plaintiff's supervisor to properly support the cable. The injured plaintiff also noticed the dangerous condition and informed his general foreman. No action was taken to properly support the cable, and the injured plaintiff continued his work.

The plaintiffs contend that the Supreme Court should have granted their motion for summary judgment on their causes of action alleged under Labor Law §§ 200 and 241 (6). We reject this contention.

A violation of Labor Law §§ 200 or 241 (6) does not establish negligence as a matter of law (*see, Long v Forest-Fehlhaber,* 55 NY2d 154). Comparative negligence is a viable defense to a cause of action asserted under either Labor Law §§ 200 or 241 (6). The injured plaintiff's knowing decision to continue with the installation of the new cable only a few feet from the live old cable creates a question of fact regarding the injured plaintiff's potential comparative negligence (*see, Lanzilotta v Lizby Assocs.,* 216 AD2d 229; *Kelleher v First Presbyt. Church,* 158 AD2d 946). Accordingly, summary judgment was properly denied. Bracken, J. P., O'Brien, Joy and Florio, JJ., concur.