■ In the Matter of LLOYD L., a Person Alleged to be a Juvenile Delinquent, Appellant. [666 NYS2d 948] —In a juvenile delin-

quency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Kings County (Ambrosio, J.), dated March 12, 1996, which, upon a fact-finding order of the same court, dated December 4, 1995, made upon the appellant's admission, finding that he had committed an act which, if committed by an adult, would constitute the crime of grand larceny in the fourth degree, adjudged him to be a juvenile delinquent, and placed him with the Division for Youth for a period of 18 months. The appeal brings up for review the fact-finding order dated December 4, 1995.

Ordered that the order of disposition is affirmed, without costs or disbursements.

The Family Court did not improvidently exercise its discretion in placing the appellant with the Division for Youth for a period of 18 months. The Family Court has broad discretion in entering dispositional orders. Moreover, it is well settled that " '[t]he least restrictive alternative test does not require the court to actually try the lowest form of intervention, have it fail, and then try each succeeding level of intervention before ordering * * * placement' " (*Matter of Jason W.*, 207 AD2d 495, 496, quoting *Matter of Jamil W.*, 184 AD2d 513, 514; *see also, Matter of Daryl S.*, 143 AD2d 835; *Matter of Douglas R.S.*, 123 AD2d 868). The Family Court's decision demonstrated that it carefully considered less restrictive alternatives to placement and properly balanced the needs of the juvenile and the need for the protection of the community (*see*, Family Ct Act § 352.2 [2]; *Matter of Jason W., supra*). Miller, J. P., Ritter, Sullivan, Santucci and McGinity, JJ., concur.