(January 19, 1999)

■ JOSEPH AMIRR et al., Appellants, v CALCAGNO CONSTRUCTION COMPANY, Respondent, et al., Defendants. (And a Third-Party Action.) [684 NYS2d 280] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Richmond County (Cusick, J.), dated October 17, 1997, which denied their motion for partial summary judgment against the defendant Calcagno Construction Company on their cause of action under Labor Law § 241 (6).

Ordered that the order is affirmed, with costs.

The Supreme Court correctly denied the plaintiffs' motion for summary judgment on their cause of action under Labor Law § 241 (6) insofar as the complaint was based upon alleged violations of 12 NYCRR 23-1.24 (a) and (b). Those regulations govern the use of safety devices on roofs having a slope steeper than one inch in four inches. The plaintiff failed to adduce any competent evidence establishing the slope of the roof from which he fell, and thus issues of fact exist as to any claim predicated upon alleged breaches of these regulations.

The Supreme Court was also correct, albeit for different reasons, in denying the plaintiffs' motion for partial summary judgment on their cause of action under Labor Law § 241 (6) insofar as the complaint was predicated upon alleged violations of 12 NYCRR 23-1.7 (d). That regulation, in pertinent

part, prohibits work on slippery surfaces, including snow-covered roofs. The roof from which the injured plaintiff fell was covered with snow. Contrary to the Supreme Court's conclusion, the respondent's alleged lack of notice of the snow-covered roof is not a defense to a cause of action under Labor Law § 241 (6) (*see, Rizzuto v Wenger Contr. Co.,* 91 NY2d 343). Nevertheless, while the alleged violation of this regulation constitutes some evidence of negligence imputable to the respondent general contractor (*see, Rizzuto v Wenger Contr. Co., supra*), issues of fact exist, *inter alia,* as to the injured plaintiff's comparative negligence (*see, Long v Forest-Fehlhaber,* 55 NY2d 154; *Irwin v St. Joseph's Intercommunity Hosp.,* 236 AD2d 123; *Drago v New York City Tr. Auth.,* 227 AD2d 372), precluding summary judgment. Miller, J. P., Thompson, McGinity and Luciano, JJ., concur.