■ In the Matter of NAIQUAN T., a Person Alleged to be a Juvenile Delinquent, Appellant. [696 NYS2d 79] —In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Queens County (Lubow, J.), dated March 23, 1998, which, upon a fact-finding order of the same court, dated November 6, 1997, made upon the appellant's admission, finding that the appellant had committed an act which, if committed by an adult, would have constituted the crime of menacing in the third degree, adjudged him to be a juvenile delinquent and placed him with the New York State Division for Youth for 12 months.

The appeal brings up for review the fact-finding order dated November 6, 1997.

Ordered that the order of disposition is affirmed, without costs or disbursements.

The appellant's claim, raised for the first time on appeal, that the speedy trial provisions of the Family Court Act were violated is untimely (see, Matter of Anthony Q., 204 AD2d 647; Family Ct Act § 332.2 [1]; § 332.1 [8]; § 340.1 [2]) and in any event, without merit. The appellant waived his right to challenge the first adjournment beyond the 60-day speedy trial period because he consented to it (see, Matter of Jermaine B., 249 AD2d 468; Matter of Irene B., 244 AD2d 226).

We disagree with the appellant's contention that he should have been placed on probation. The Family Court has broad discretion in entering dispositional orders (see, Family Ct Act § 141) and it is well settled that " '[t]he least restrictive alternative test does not require the court to actually try the lowest form of intervention, have it fail, and then try each succeeding level of intervention before ordering * * * placement' " (Matter of Jamil W., 184 AD2d 513, 514, quoting Matter of Anthony M., 142 AD2d 731, 732; Matter of Jason W., 207 AD2d 495).

At the dispositional hearing, the testimony of the psychologist appointed by the court, as well as the probation officer emphasized the appellant's aggressive, violent, and abusive behavior. Both the psychologist and the probation officer testified that the best interests of both the appellant and the community warranted placement. The Family Court's decision with respect to the disposition demonstrated that it carefully considered the less-restrictive alternatives to the appellant's placement and properly balanced the needs of the appellant and the need for the protection of the community (see, Family Ct Act § 352.2 [2]). Accordingly, there is no basis to conclude that the Family Court improvidently exercised its discretion in ordering the appellant's placement (see, Family Ct Act § 141; Matter of Garfield M., 128 AD2d 876).

The appellant's remaining contentions are without merit. Thompson, J. P., Altman, Feuerstein and Schmidt, JJ., concur.