The Town's remaining contentions are without merit. Ritter, J. P., Sullivan, Krausman and Goldstein, JJ., concur.

■ In the Matter of TOWN OF YORKTOWN, Petitioner, v STATE BOARD OF REAL PROPERTY SERVICES, Respondent. [714 NYS2d 220] —Proceeding pursuant to CPLR article 78 and RPTL 1218 to review a determination of the State Board of Real Property Services, dated March 31, 1999, which established a final State equalization rate of 4.61% for the 1998 assessment roll of the Town of Yorktown.

Adjudged that the determination is confirmed and the proceeding is dismissed on the merits, without costs or disbursements (*see, Matter of Town of Yorktown v State Bd. of Real Prop. Servs.*, 275 AD2d 789 [decided herewith]). Ritter, J. P., Sullivan, Krausman and Goldstein, JJ., concur.

■ In the Matter of DARYL W., a Person Alleged to be a Juvenile Delinquent, Appellant. [714 NYS2d 222] —In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from (1) a post-petition order of the Family Court, Queens County (Fitzmaurice, J.), dated March 30, 1999, which remanded the appellant to a secure detention facility, and (2) an order of disposition of the same court, also dated March 30, 1999, which upon a fact-finding order of the same court dated November 16, 1998, made after a hearing, finding that the appellant had committed acts which if committed by an adult, would have constituted the crimes of robbery in the first degree, robbery in the second degree, and grand larceny in the fourth degree, and an act constituting the crime of unlawful possession of weapons by a person under 16, adjudged him to be a ju-

venile delinquent, and placed him with the New York State Office of Children and Family Services for a period of 18 months.

Ordered that the appeal from the post-petition order is dismissed, without costs or disbursements, as that order is not appealable as of right, and leave to appeal has not been granted (*see,* Family Ct Act § 351.1 [1]); and it is further,

Ordered that the order of disposition is affirmed, without costs or disbursements.

Viewing the evidence in the light most favorable to the presenting agency, we find that it was legally sufficient to support the fact-finding order (*cf., People v Contes,* 60 NY2d 620; *see, Matter of Stafford B.,* 187 AD2d 649). Resolution of issues of credibility, as well as the weight to be accorded to the evidence, are primarily questions to be determined by the trier of facts, who saw and heard the witnesses (*cf., People v Gaimari,* 176 NY 84). Upon the exercise of our factual review power, we are satisfied that the finding of guilt was not against the weight of the evidence (*cf., People v Garafolo,* 44 AD2d 86).

There is no merit to the appellant's contention that his placement should have been less restrictive. The Family Court's decision with respect to the disposition demonstrated that it carefully considered the less restrictive alternatives to the appellant's placement and properly balanced the needs of the juvenile and the need for the protection of the community (*see,* Family Ct Act § 352.2 [2]; *Matter of Jason W.,* 207 AD2d 495). S. Miller, J. P., Friedmann, Luciano and Schmidt, JJ., concur.