■ In the Matter of JAREL S., a Person Alleged to be a Juvenile Delinquent. [723 NYS2d 693] —In a juvenile delinquency

proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Kings County (Pearce, J.), dated April 10, 2000, which, upon a fact-finding order of the same court (Porzio, J.), also dated April 10, 2000, and upon the appellant's admission that he violated the terms of his probation previously imposed by the same court (Porzio, J.), dated January 21, 1998, revoked his probation and placed him with the New York State Office of Children and Family Services for a period of 12 months.

Ordered that the order of disposition is affirmed, without costs or disbursements.

Contrary to the appellant's contentions, his due process rights were not violated by his placement in a non-secure facility. The Family Court has broad discretion in entering dispositional orders (see, Family Ct Act § 141; Matter of Shariyf W., 245 AD2d 383). While the Family Court should consider the least restrictive intervention, it is not required to "actually try the lowest form of intervention, have it fail, and then try each succeeding level of intervention before ordering * * * placement" (Matter of Anthony M., 142 AD2d 731, 732; see also, Matter of Jason W., 207 AD2d 495, 496; Matter of Jamil W., 184 AD2d 513, 514). Here, upon the appellant's admission that he had violated the terms of his probation, the Family Court considered all of the available alternatives and reviewed evaluative reports of agencies supervising the appellant before determining that placement was required. Accordingly, the Family Court providently exercised its discretion in ordering placement, and its determination will not be disturbed. Ritter, J. P., Krausman, S. Miller and Feuerstein, JJ., concur.