◼ In the Matter of NEVILLE G., a Person Alleged to be a Juvenile Delinquent, Appellant. [739 NYS2d 640] —In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal, as limited by the appellant's brief, is from so much of an order of disposition of the Family Court, Nassau County (Diamond, J.), dated June 25, 2001, as, upon a fact-finding order of the same court, dated January 20, 2000, made upon the appellant's admission, finding that the appellant had committed acts which, if committed by an adult, would have constituted the crime of assault in the third degree, and upon adjudging him to be a juvenile delinquent, placed him in a limited secure facility with the New York State Office of Children and Family Services for a period of six months, with an additional three months aftercare.

Ordered that the order of disposition is affirmed insofar as appealed from, without costs or disbursements.

We disagree with the appellant's contention that his placement should have been less restrictive. The Family Court has broad discretion in entering dispositional orders (*see Matter of Naiquan T.,* 265 AD2d 331, 332; *Matter of Tristan W.,* 258 AD2d 585, 586; Family Ct Act § 141). Great deference is given

to its determination because "it had the opportunity to view the witnesses, hear their testimony, and observe their demeanor" (*Matter of Severn J.*, 250 AD2d 682, 683). Moreover, it is well settled that "[t]he least restrictive alternative test does not require the court to actually try the lowest form of intervention, have it fail, and then try each succeeding level of intervention before ordering * * * placement" (*Matter of Anthony M.*, 142 AD2d 731, 732; *see Matter of Tristan W., supra* at 586; *Matter of Jamil W.*, 184 AD2d 513, 514).

The Family Court's decision with respect to the disposition demonstrated that it carefully considered the less restrictive alternatives to the appellant's placement and properly balanced the needs of the juvenile and the need for the protection of the community (*see* Family Ct Act § 352.2 [2]). Accordingly, the Family Court providently exercised its discretion. Ritter, J.P., O'Brien, Crane and Cozier, JJ., concur.