■ In the Matter of RAFAEL C.M., a Person Alleged to be a Juvenile Delinquent, Appellant. [743 NYS2d 732] —In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeals are from (1) a fact-finding order of the Family Court, Suffolk County (Simeone, J.), entered October 29, 1999, made after a hearing, finding that the appellant committed acts which, if committed by an adult, would have constituted the crimes of reckless endangerment in the second degree and aggravated harassment in the second degree, and (2) an order of disposition of the same court, also entered October 29, 1999, which, upon the fact-finding order, adjudicated him a juvenile delinquent and placed him in the custody of the Office of Family and Children's Services for a period of one year.

Ordered that the appeal from the fact-finding order is dismissed, without costs or disbursements, as that order was superseded by the order of disposition; and it is further,

Ordered that the appeal from so much of the order of dispo-

sition as placed the appellant in the custody of the Office of Family and Children's Services for a period of one year is dismissed as academic, without costs or disbursements, as the period of placement has expired (*see Matter of Carlos S.,* 243 AD2d 569); and it is further,

Ordered that the order of disposition is affirmed insofar as reviewed, without costs or disbursements.

Viewing the evidence in the light most favorable to the presentment agency (*see Matter of Daryl W.,* 275 AD2d 792), we find that it was legally sufficient to establish beyond a reasonable doubt that the appellant committed acts which, if committed by an adult, would have constituted the crimes of reckless endangerment in the second degree and aggravated harassment in the second degree (*see* Penal Law § 120.20). Moreover, upon the exercise of our factual review power, we are satisfied that the findings of fact are not against the weight of the evidence (*cf.* CPL 470.15 [5]).

The appellant's remaining contentions are without merit or do not require reversal. Florio, J.P., O'Brien, McGinity and H. Miller, JJ., concur.