■ In the Matter of JESSE W., a Person Alleged to be a Juvenile Delinquent, Appellant. [749 NYS2d 170] —In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from a corrected order of disposition of the Family Court, Suffolk County (Hudson, J.), dated January 7, 2002, which, upon a fact-finding determination of the same court, dated December 11, 2001, made upon the appellant's admission, finding that appellant had committed acts, which, if committed by an adult, would have constituted the crime of sexual abuse in the third degree (two counts), adjudged him to be a juvenile delinquent and placed him with the New York State Office of Children and Family Services for a period of six months for placement in a limited secure facility. The appeal brings up for review the fact-finding determination dated December 11, 2001.

Ordered that the corrected order of disposition is affirmed, without costs or disbursements.

We disagree with the appellant's contention that the Family Court improperly exercised its discretion in ordering a six-month placement in a limited secure facility. The Family Court has broad discretion in entering dispositional orders (*see* Family Ct Act § 141) and it is well settled that " '[t]he least restrictive alternative test does not require the court to actually try the lowest form of intervention, have it fail, and then try each succeeding level of intervention before ordering * * * placement' " (*Matter of Naiquan T.,* 265 AD2d 331, 332, quoting *Matter of Jamil W.,* 184 AD2d 513, 514; *see Matter of Jason W.,* 207 AD2d 495). Ritter, J.P., Altman, H. Miller and Adams, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ESTEBAN ANDUJAR, Appellant. [749 NYS2d 179] —Application by the appellant for a writ of error coram nobis to vacate, on the ground of ineffective assistance of appellate counsel, a decision and order of this Court dated June 3, 2002 (*People v Andujar,* 295 AD2d 1022), affirming a sentence of the Supreme Court, Suffolk County, imposed May 5, 2000.

Ordered that the application is denied.

The appellant has failed to establish that he was denied the effective assistance of appellate counsel (*see Jones v Barnes,* 463 US 745). Ritter, J.P., Santucci, Smith, Friedmann and Adams, JJ., concur.