■ In the Matter of AKEEM F., a Person Alleged to be a Juvenile Delinquent, Appellant. [754 NYS2d 283] —In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeals are from (1) a fact-finding order of the Family Court, Queens County (Lubow, J.), dated January 3, 2000, finding that the appellant had committed acts which, if committed by an adult, would have constituted the crime of attempted petit larceny, upon his admission, and (2) an order of disposition of the same court, dated March 28, 2000, which, upon the fact-finding order, adjudged him to be a juvenile delinquent and placed him in the custody of the New York State Office of Children and Family Services for a period of 12 months.

Ordered that the appeal from the fact-finding order is

dismissed, without costs or disbursements, as that order was superseded by the order of disposition; and it is further,

Ordered that the order of disposition is affirmed, without costs or disbursements.

Contrary to appellant's contention, the Family Court providently exercised its discretion in denying his motion to withdraw his admission without conducting a hearing. The record demonstrates that the appellant's voluntary admission satisfied the elements of the charge in the petition, and that the appellant had a full opportunity to present his claims (*see* Family Ct Act § 321.4; *see also* CPL 220.60 [3]; *People v Frederick,* 45 NY2d 520; *People v Weekes,* 289 AD2d 599; *People v Sain,* 261 AD2d 488). Moreover, the appellant was not deprived of the effective assistance of counsel (*see People v Ford,* 86 NY2d 397, 404; *People v Boodhoo,* 191 AD2d 448, 449; *People v Mayes,* 133 AD2d 905, 906).

There is no merit to the appellant's contention that his placement should have been less restrictive. The Family Court's determination with respect to the placement of the appellant demonstrated that it considered less restrictive alternatives and properly balanced the needs of the juvenile and the need for protection of the community (*see* Family Ct Act § 352.2 [2]; *Matter of Neville G.,* 293 AD2d 471; *Matter of Anthony M.,* 142 AD2d 731). Ritter, J.P., Florio, S. Miller and H. Miller, JJ., concur.