■ In the Matter of RUDOLPH S., a Person Alleged to be a Juvenile Delinquent, Appellant. [787 NYS2d 339]—

In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from (1) an order of disposition of the Family Court, Kings County (Hepner, J.), dated April 6, 2004, which, upon a fact-finding order of the same court dated February 2, 2004, made after a hearing, finding that the appellant committed acts which, if committed by an adult, would have constituted the crime of criminal trespass in the third degree, adjudged him to be a juvenile delinquent, and placed him in the custody of the New York State Office of Children and Family Services for placement in a limited secure facility for a period of 12 months, and (2) an order of the same court also

dated April 6, 2004, which revoked a prior order of probation of, the same court dated September 23, 2003, upon the appellant's admission that he violated a condition thereof, and placed him in the custody of the New York State Office of Children and Family Services for placement in a limited secure facility for a period of 12 months. The appeal from the order of disposition dated April 6, 2004, brings up for review the fact-finding order dated February 2, 2004.

Ordered that the order of disposition and the order revoking probation are affirmed, without costs or disbursements.

We disagree with the appellant's contention that his place-ment should have been less restrictive. The Family Court has broad discretion in determining dispositions (see Matter of Naiquan T., 265 AD2d 331 [1999]; Matter of Tristan W., 258 AD2d 585 [1999]; Family Ct Act § 141). " '[T]he least restrictive alternative test does not require the court to actually try the lowest form of intervention, have it fail, and then try each suc-ceeding level of intervention before ordering . . . placement' " (Matter of Tristan W., supra at 586, quoting Matter of Anthony M., 142 AD2d 731, 732 [1988]; see Matter of Jamil W., 184 AD2d 513, 514 [1992]). The Family Court's determination demon-strated that it carefully considered the less-restrictive alterna-tives to the appellant's placement, and properly balanced the needs of the juvenile and the need for the protection of the com-munity (see Family Ct Act § 352.2 [2]). Accordingly, the Family Court providently exercised its discretion. S. Miller, J.P., Kraus-man, Mastro and Fisher, JJ., concur.