█ In the Matter of Leah G., a Person Alleged to be a Juvenile Delinquent, Appellant. [805 NYS2d 405]—

In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Queens County (Hunt, J.), dated September 8, 2004, which, upon a fact-finding determination of the same court dated June 4, 2004, made after a hearing, finding that the appellant committed an act which, if committed by an adult, would have constituted the crime of attempted assault in the third degree, adjudged her to be a juvenile delinquent and placed her on probation for a period of 18 months.

Ordered that the order of disposition is affirmed, without costs or disbursements.

The Family Court providently exercised its discretion in denying the appellant's application for an adjournment in contemplation of dismissal (*see Matter of Rosario S.*, 18 AD3d 563 [2005]; *Matter of Gerald W.*, 12 AD3d 522 [2004]). Based upon the violent nature of the crime, the recommendation in the probation report, and the appellant's disciplinary history in school including three suspensions, one of which was based upon the threat of violence against a teacher, the Family Court properly found that the "least restrictive [dispositional] alternative" was probation supervision for a period of 18 months (*see* Family Ct Act § 352.2 [2] [a]; *Matter of Naiquan T.*, 265 AD2d 331 [1999]). The Family Court noted that the appellant's conduct demonstrated "an increasing level of disrespect" and the appellant's family circumstances rendered it inappropriate to impose a less restrictive disposition. The requirement that the Family Court impose the least restrictive alternative disposition does not require the court to actually try the lowest form of intervention and have it fail before trying a more restrictive form of intervention (*see Matter of Naiquan T., supra* at 332). Crane, J.P., Ritter, Goldstein and Lifson, JJ., concur.