■ In the Matter of STEPHEN C., a Person Alleged to be a Juvenile Delinquent, Appellant. [813 NYS2d 226]—

In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of the Family Court, Orange County (Kiedaisch, J.), dated May 3, 2005, which, after a hearing, found that the appellant violated a condition of a term of probation previously imposed by the same court in an order of disposition dated March 4, 2003, and placed the appellant with the Office of Children & Family Services for a period of 12 months.

Ordered that the order is affirmed, without costs or disbursements.

A petition alleging a violation of probation is facially sufficient if its nonhearsay allegations and supporting documents establish every violation charged (*see* Family Ct Act § 360.2 [2]; *Matter of Christian T.L.*, 8 AD3d 670 [2004]; *Matter of Darrell CC.*, 299 AD2d 757 [2002]). Here, the petition was not jurisdictionally defective (*see* Family Ct Act § 360.2 [2]).

The Family Court properly sustained that portion of the violation of probation petition alleging that the appellant missed five appointments with his probation officer. Viewing the evidence in the light most favorable to the presentment agency (*see Matter of David H.*, 69 NY2d 792 [1987]; *cf. People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish that the appellant violated a condition of a term of his probation in that he missed five appointments with his probation officer. Moreover, resolution of issues of credibility, as well as the weight to be accorded the evidence presented, are primarily questions to be determined by the finder of fact, which saw and heard the witnesses (*see Matter of Nicholas M.*, 11 AD3d 545 [2004]). Its determination should be accorded great

weight on appeal and should not be disturbed unless clearly unsupported by the record (*see Matter of Kashawn B.*, 4 AD3d 469, 470 [2004]). Upon the exercise of our factual review power, we are satisfied that the findings of fact were not against the weight of the evidence (*cf.* CPL 470.15 [5]).

We disagree with the appellant's contention that his placement should have been less restrictive. The Family Court has broad discretion in entering dispositional orders (*see Matter of Neville G.*, 293 AD2d 471 [2002]; *Matter of Naiquan T.*, 265 AD2d 331, 332 [1999]; *see also* Family Ct Act § 141). The Family Court's determination reflects careful consideration of the less restrictive alternatives to the appellant's placement and properly balanced the needs of the juvenile and the need for the protection of the community (*see* Family Ct Act § 352.2 [2]). Miller, J.P., Ritter, Spolzino and Dillon, JJ., concur.