In the Matter of JERMAINE D., a Person Alleged to be a Juvenile Delinquent, Appellant. [815 NYS2d 634]—

In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from (1) an order of disposition of the Family Court, Kings County (O'Donoghue, J.), dated March 2, 2005, which, upon a fact-finding order of the same court dated December 13, 2004, made upon the appellant's admission, finding that he had committed an act which, if committed by an adult, would have constituted the crime of criminal possession of a weapon in the fourth degree, adjudged him to be a juvenile delinquent and placed him with the New York State Office of Children and Family Services for a period of 12 months in a limited secure facility, with no credit for the time spent in detention pending disposition, to run concurrently with appellant's placement under docket No. E-14852-02/04A, and (2) an order of the same court also dated March 2, 2005, which found that the appellant violated a condition of a term of probation previously imposed by the same court in an order of disposition dated September 17, 2004, vacated the order of disposition dated September 17, 2004, and placed the appellant in the custody of the New York State Office of Children and Family Services for a period of three years, consisting of 12 months in

secure placement, followed by 12 months in residential limited secure placement, followed by 12 months at the discretion of the New York State Office of Children and Family Services, with no credit for the time spent in detention pending disposition.

Ordered that the orders are affirmed, without costs or disbursements.

On September 17, 2004 following his adjudication as a juvenile delinquent for an act which, if committed by an adult, would have constituted the crime of robbery in the first degree (*see* Penal Law § 160.15)—a designated felony act pursuant to Family Court Act § 301.2 (8)—the appellant was placed on probation for a period of 24 months. Approximately three months later, on December 13, 2004, the appellant admitted having committed an act which, if committed by an adult, would have constituted the crime of criminal possession of a weapon in the fourth degree (*see* Penal Law § 265.01).

On this record, the Family Court providently exercised its discretion in directing a restrictive placement with the New York State Office of Children and Family Services (hereinafter OCFS), upon a finding that the appellant violated conditions of probation of a prior order of disposition in connection with a designated felony act (*see* Family Court Act § 352.2 [1]; §§ 353.5, 360.3 [6]; *Matter of Alfredo H.*, 25 AD3d 798 [2006]; *Matter of Michael R.*, 223 AD2d 465 [1996]).

Contrary to the appellant's contention, the record reflects that the court made its determination in accordance with Family Court Act § 352.2 (3) and § 353.5. As noted in the order of disposition on the violation of probation charge, the court determined, based on competent evidence adduced at the dispositional hearing, that the appellant requires supervision and confinement, that he is beyond parental and court control, and that his delinquent behavior is escalating. Among other things, only three months into his period of probation following a prior knife-point robbery, the appellant, the court noted, "was found to have conspired to commit a gunpoint robbery with others also armed with loaded guns." We find no basis to disturb the court's determination, which is supported by a preponderance of the evidence (*see* Family Court Act § 353.5 [1]; *Matter of Ralph D.*, 163 AD2d 752 [1990]).

The appellant's remaining contentions are without merit. Adams, J.P., Mastro, Fisher and Covello, JJ., concur.