In the Matter of RASHAWN H., a Person Alleged to be a Juvenile Delinquent, Appellant. [814 NYS2d 722]—

In related juvenile delinquency proceedings pursuant to Family Court Act article 3, Rashawn H. appeals from (1) an order of the Family Court, Queens County (Hunt, J.), dated April 6, 2005, which amended an order of disposition of the same court dated February 24, 2005, inter alia, placing him in the custody of the New York State Office of Children and Family Services for a period of 18 months, by directing that he be placed in the custody of the Martin De Porres Group Homes for a period of 18 months, under docket No. D-16651/04, and (2) an order of the same court also dated April 6, 2005, which amended an order of disposition of the same court dated February 24, 2005, inter alia, placing him in the custody of the New York State Office of Children and Family Services for a period of 12 months, by directing that he be placed in the custody of the Martin De Porres Group Homes for a period of 12 months, under docket No. D-11723-03/04A.

Ordered that the orders are affirmed, without costs or disbursements.

By petition dated August 5, 2003, commenced under docket No. D-11723/03, the presentment agency alleged that the appellant, then 14 years old, committed acts which, if committed by an adult, would have constituted the crimes, inter alia, of assault in the third degree. The proceeding culminated in an or-

der of disposition dated October 22, 2003, which adjudged the appellant to be a juvenile delinquent and placed him on probation for a period of 12 months. Subsequently, by petition dated September 20, 2004, commenced under docket No. D-16651/04, the presentment agency alleged that the appellant committed acts, which, if committed by an adult, would have constituted the crimes of incest and sexual abuse in the second degree. Based on these allegations, the presentment agency filed another petition, dated September 30, 2004, commenced under docket No. D-11723-03/04A, alleging that the appellant violated the conditions of his probation, and seeking to vacate the order dated October 22, 2003, and impose an alternative disposition.

The appellant admitted violating conditions of his probation and admitted committing an act which constituted the crime of incest. Following a dispositional hearing, the Family Court issued two orders of disposition, both dated February 24, 2005, directing, inter alia, that the appellant be placed in the custody of the New York State Office of Children and Family Services (hereinafter OCFS). These two orders were then amended by two subsequent orders of the Family Court, both dated April 6, 2005 (the orders appealed from), which changed the placements from OCFS to the Martin De Porres Group Homes, leaving all other details of the two orders dated February 24, 2005 intact.

On appeal, the appellant contends that "placements" were not the "least restrictive" alternative within the meaning of Family Ct Act § 352.2 (2) (a). In his view, he should have been again placed on probation, this time under the custody of his stepgrandfather.

The Family Court providently exercised its discretion making its determination as to placement (see Matter of Rudolph S., 13 AD3d 459, 460 [2004]; Matter of Stephone M.H., 11 AD3d 464, 465 [2004]). Accordingly, we affirm. Miller, J.P., Ritter, Goldstein and Lunn, JJ., concur.