In the Matter of SHAHEEN P.J., Appellant. [817 NYS2d 304]—

In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeals are from (1) a fact-finding order of the Family Court, Nassau County (Lawrence, J.), dated April

6, 2005, which, after a hearing, found that the appellant had committed an act which, if committed by an adult, would have constituted the crime of sexual abuse in the first degree, and (2) an order of disposition of the same court also dated April 6, 2005, which, upon the fact-finding order, adjudged him to be a juvenile delinquent and, upon his consent, placed him on probation for a period of two years under stated terms and conditions, including directing him to undergo sex offender-specific therapy.

Ordered that the appeal from the fact-finding order is dismissed, without costs or disbursements, as that order was superseded by the order of disposition; and it is further,

Ordered that the appeal from so much of the order of disposition as, upon his consent, placed the appellant on probation for a period of two years, under stated terms and conditions, including directing him to undergo sex offender-specific therapy, is dismissed, without costs or disbursements; and it is further,

Ordered that the order of disposition is affirmed insofar as reviewed, without costs or disbursements.

The appellant is not aggrieved by that part of the order of disposition which placed him on probation for a period of two years under stated terms and conditions, including directing him to undergo sex offender-specific therapy, since he waived his right to a dispositional hearing and consented to the disposition (*see Matter of Shamasia M.,* 4 AD3d 359, 361 [2004]; *Matter of Stevenson J.,* 306 AD2d 412, 413 [2003]; *Matter of Nicole G.,* 274 AD2d 478, 479 [2000]).

The appellant's right to speedy fact-finding and dispositional hearings was not violated. The appellant waived his right to challenge the adjournments in question by consenting to or requesting the adjournments and affirmatively waiving the time restrictions so that he could finish the school year without disruption (*see Matter of Curnelle T.,* 17 AD3d 472 [2005]; *Matter of Michael T.,* 305 AD2d 610, 611 [2003]; *Matter of Christopher Scott F.,* 264 AD2d 395 [1999]; *Matter of Jermaine B.,* 249 AD2d 468, 469 [1998]; *Matter of Joseph CC.,* 234 AD2d 852, 853 [1996]). The law guardian's failure to move to dismiss on speedy trial grounds and his subsequent waiver of his client's objection on those grounds to further adjournments did not constitute ineffective assistance of counsel. A motion to dismiss for violation of the appellant's right to speedy hearings would have had "little or no chance of success" (*People v Stultz,* 2 NY3d 277, 287 [2004]; *cf. People v Caban,* 5 NY3d 143, 152 [2005]), as it is clear from the record that there was good cause for the initial adjournment and special circumstances for the subsequent

adjournments (*see* Family Ct Act § 340.1 [4], [6]). Moreover, as the appellant failed "to demonstrate the absence of strategic or other legitimate explanations" (*People v Benevento,* 91 NY2d 708, 712 [1998]), we must presume that "counsel acted in a competent manner and exercised professional judgment" in waiving his client's objections to further adjournments (*People v Rivera,* 71 NY2d 705, 709 [1988]; *see Matter of Anthony Q.,* 204 AD2d 647 [1994]; *cf. People v Taylor,* 1 NY3d 174, 177-178 [2003]; *People v McFarlane,* 18 AD3d 577, 578 [2005]; *People v Christian,* 155 AD2d 923 [1989]).

Furthermore, none of the other purported errors or omissions asserted by the appellant constituted ineffective assistance of counsel. In several instances, there was no showing that the challenged acts or omissions were not part of a reasonable legitimate strategy (*cf. People v Benevento, supra; People v Rivera, supra*). In others, the motion or application not made had "little or no chance of success" (*People v Stultz, supra* at 287*; cf. People v Caban, supra*). Overall, the appellant failed to demonstrate that "counsel's acts or omissions prejudice[d] the [appellant] or [his] right to a fair trial" (*People v Benevento, supra* at 713-714 [internal quotation marks omitted]; *cf. People v Henry,* 95 NY2d 563, 566 [2000]). In general, the appellant received meaningful representation throughout the proceedings, despite the confusion caused by the appointment, at the request of the appellant's mother, of a succession of four different law guardians.

The appellant's remaining contentions are without merit. Crane, J.P., Rivera, Skelos and Dillon, JJ., concur.