■ In the Matter of PEDRO A., a Person Alleged to be a Juvenile Delinquent, Appellant. [824 NYS2d 148]—

In a juvenile delinquency proceeding pursuant to Family Court Act article 3, Pedro A. appeals, as limited by his brief, from so much of an order of disposition of the Family Court, Dutchess County (Forman, J.), dated January 28, 2005, as, upon a fact-finding order of the same court also dated January 28, 2005, made after a hearing, finding that he committed acts which, if committed by an adult, would have constituted the crime of attempted sexual abuse in the first degree, placed him in the custody of the New York State Office of Children and Family Services for a period of 14 months.

Ordered that the order of disposition is affirmed insofar as appealed from, without costs or disbursements.

The Family Court has broad discretion in determining dispositions (*see Matter of Richard W.*, 13 AD3d 1063, 1064 [2004]; *Matter of Rudolph S.*, 13 AD3d 459, 460 [2004]; *Matter of Todd B.*, 190 AD2d 1035 [1993]; *see also* Family Ct Act § 141). In light of the nature of the appellant's conduct, the continued presence of the victim in his household, and the appellant's consistent failure to comply with the requirement that he obtain treatment, the Family Court providently exercised that discretion in its disposition here. "The least restrictive alternative test does not require the court to actually try the lowest form of intervention, have it fail, and then try each succeeding level of intervention before ordering . . . placement" (*Matter of Rudolph S., supra* at 460 [internal quotation marks omitted]; *see Matter of Anthony M.*, 142 AD2d 731 [1988]). The Family Court's determination demonstrated that it carefully considered the less-restrictive alternatives to the appellant's placement, and

properly balanced the needs of the juvenile and the need for the protection of the community, as it is required to do (*see* Family Ct Act § 352.2 [2]).

Contrary to the appellant's contention, he was not entitled to the benefit of any favorable terms of disposition he may have been promised inasmuch as he concededly failed to comply with certain of the conditions imposed as prerequisites to the promised disposition (*see Matter of Edwin L.*, 88 NY2d 593, 602-603 [1996]; *cf. People v Outley*, 80 NY2d 702 [1993]; *People v Jackson*, 3 AD3d 581 [2004]; *People v Thomas*, 300 AD2d 196 [2002]).

In light of the foregoing, we do not reach the remaining contentions of the presentment agency. Schmidt, J.P., Spolzino, Fisher and Lifson, JJ., concur.