■ In the Matter of CHRISMA H., a Person Alleged to be a Juvenile Delinquent, Appellant. [824 NYS2d 742]—

In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeals are from (1) a fact-finding order of the Family Court, Richmond County (McElrath, J.), dated October 7, 2005, made upon the appellant's admission, finding that she had committed acts which, if committed by an adult, would constitute the crime of gang assault in the second degree, under docket No. D-3898/05, (2) an order of disposition of the same court dated November 4, 2005, which, upon the fact-finding order, adjudged her to be a juvenile delinquent and placed her in the custody of the Office of Children and Family Services for a period of 18 months, under docket No. D-3898/05, and (3) an amended order of disposition of the same court dated November 4, 2005, which, after a hearing, found that she had violated a condition of probation previously imposed by the same court in an order of disposition dated July 5, 2005, vacated that order of disposition, and placed her in the custody of the Office of Children and Family Services for a period of 12 months, under docket No. D-1510/05.

Ordered that the appeal from the fact-finding order is dismissed, without costs or disbursements, as it was superseded by the order of disposition; and it is further,

Ordered that the appeal from so much of the amended order of disposition as placed the appellant in the custody of the New York State Office of Children and Family Services for a period of 12 months is dismissed as academic, without costs or disbursements, as the period of placement has expired (see Matter of Jerrol H., 19 AD3d 693 [2005]); and it is further,

Ordered that the order of disposition is affirmed, without costs or disbursements; and it is further,

Ordered that the amended order of disposition is affirmed insofar as reviewed, without costs or disbursements.

The Family Court properly found, based upon the appellant's

admission that she committed acts which, if committed by an adult, would constitute the crime of gang assault in the second degree, that the appellant violated the probation imposed in connection with her earlier offense (*see People v Baucom,* 154 AD2d 688 [1989]; *People v Ware,* 29 AD2d 557 [1967]; *see also Matter of Jermaine D.,* 29 AD3d 576 [2006]). The Family Court has broad discretion in determining dispositions (*see Matter of Naiquan T.,* 265 AD2d 331 [1999]; *Matter of Tristan W.,* 258 AD2d 585 [1999]; Family Ct Act § 141). Considering the seriousness of the acts which the appellant admitted, as well as the fact that the acts were committed while the appellant was on probation, the Family Court properly exercised its discretion in making its determination as to placement (*see Matter of Rashawn H.,* 29 AD3d 696 [2006]; *Matter of Rudolph S.,* 13 AD3d 459 [2004]). Ritter, J.P., Goldstein, Rivera and Spolzino, JJ., concur.