■ In the Matter of WALEEK W., a Person Alleged to be a Juvenile Delinquent, Appellant. [836 NYS2d 258]—

In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeals, as limited by the appellant's brief, are from (1) so much of an order of the Family Court, Kings County (Turbow, J.), dated April 7, 2006, as revoked a prior order of probation of the same court dated August 19, 2005, upon the appellant's admission that he violated a condition thereof, and placed him in the custody of the Office of Children and Family Services for a period of 18 months under docket No. D-2525-05/06A, to run concurrently with the appellant's placement under docket No. D-27684-05, and (2) so much of an order of disposition of the same court also dated April 7, 2006, as, upon a fact-finding order of the same court dated January 26, 2006, made upon his admission, finding that he had committed acts which, if committed by an adult, would have constituted the crime of assault in the third degree, adjudged him to be a juvenile delinquent and placed him in the custody of the New York State Office of Children and Family Services for a period of 12 months under docket No. D-27684-05, to run concurrently with the appellant's placement under docket No. D-2525-05/06A.

Ordered that the appeal from so much of the order of disposition as placed the appellant in the custody of the New York State Office of Children and Family Services for a period of 12 months is dismissed as academic, without costs or disbursements, as the period of placement has expired; and it is further,

Ordered that the order of disposition is affirmed insofar as reviewed, without costs or disbursements; and it is further,

Ordered that the order revoking probation is affirmed insofar as appealed from, without costs or disbursements.

The Family Court properly found, based upon the appellant's admission that he committed acts which, if committed by an adult, would have constituted the crime of assault in the third degree, that the appellant violated the probation imposed in connection with his earlier offense (*see Matter of Chrisma H.,* 35 AD3d 607, 608 [2006]; *People v Baucom,* 154 AD2d 688, 689 [1989]; *People v Ware,* 29 AD2d 557 [1967]; *see also Matter of Jermaine D.,* 29 AD3d 576 [2006]).

The appellant contends that the placement with the New York State Office of Children and Family Services was not the "least restrictive" alternative within the meaning of Family Court Act § 352.2 (2) (a). However, the Family Court has broad discretion in determining dispositions (*see Matter of Naiquan T.,* 265 AD2d 331, 332 [1999]; *Matter of Tristan W.,* 258 AD2d 585, 586 [1999]; Family Ct Act § 141). Considering the seriousness of the acts which the appellant admitted, as well as the fact that the acts were committed while the appellant was on probation, the Family Court properly exercised its discretion in making its determination as to placement (*see Matter of Chrisma H., supra; Matter of Rashawn H.,* 29 AD3d 696, 697 [2006]).

The appellant's remaining contention is without merit. Mastro, J.P., Santucci, Skelos and Dickerson, JJ., concur.