■ In the Matter of CHRISTOPHER T., Appellant. MONROE COUNTY ATTORNEY, Respondent. [898 NYS2d 383]—

Appeal from an order of the Family Court, Monroe County (Joseph G. Nesser, J.), entered June 6, 2008 in a proceeding pursuant to Family Court Act article 3. The order adjudicated respondent to be a juvenile delinquent and placed him in the custody of the New York State Office of Children and Family Services for a period of 18 months.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: Respondent appeals from an order adjudicating him to be a juvenile delinquent based on findings that he committed acts that, if committed by an adult, would constitute the crimes of rape in the second degree (Penal Law § 130.30 [2]) and criminal sexual act in the second degree (§ 130.45 [2]). Re-

spondent was 15 years old and thus was tried in County Court as a juvenile offender (*see* CPL 1.20 [42] [2]), based upon the indicted crimes of rape in the first degree (Penal Law § 130.35 [1]) and criminal sexual act in the first degree (§ 130.50 [1]). Following a jury trial, he was acquitted of those crimes and was found guilty of the crimes of rape in the second degree (§ 130.30 [2]) and criminal sexual act in the second degree (§ 130.45 [2]). Because respondent was not criminally responsible for the crimes of which he was convicted by reason of infancy, County Court ordered that "the verdict be deemed vacated and replaced by a juvenile delinquency fact determination" (CPL 310.85 [3]; *see also* Family Ct Act § 342.2 [3]; § 346.1). In accordance with CPL 310.85 (3), County Court directed that the action be removed to Family Court for disposition.

Contrary to respondent's contention, the evidence is legally sufficient to establish that the victim lacked the mental capacity to consent to sexual relations (*see People v Dixon*, 66 AD2d 971, 972 [1978]; *see generally People v Cratsley*, 86 NY2d 81, 86-88 [1995]; *People v Easley*, 42 NY2d 50, 55-57 [1977]), and we conclude that respondent failed to establish by a preponderance of the evidence that he was unaware of the victim's mental disability (*see* Penal Law § 25.00 [2]; § 130.10 [1]). Further, there was sufficient evidence to corroborate the victim's testimony pursuant to Penal Law § 130.16, inasmuch as the testimony of respondent established that he attempted "to engage the victim in sexual intercourse [or] oral sexual conduct" (§ 130.16 [a]) at the time and place of the alleged incident. Viewing the evidence in light of the elements of the crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349 [2007]), we reject respondent's further contention that the verdict is against the weight of the evidence inasmuch as "resolution of issues of credibility, as well as the weight to be accorded the evidence presented, are primarily questions to be determined by the finder of fact, [who observed] and heard the witnesses" (*Matter of Stephen C.*, 28 AD3d 656, 656 [2006]; *see also People v Young*, 55 AD3d 1234, 1235-1236 [2008], *lv denied* 11 NY3d 901 [2008]).

We also reject the contention of respondent that the court abused its discretion in placing him in the custody of the New York State Office of Children and Family Services for a period of 18 months. "In determining an appropriate order [of disposition], the court shall consider the needs and best interests of the respondent as well as the need for protection of the community" (Family Ct Act § 352.2 [2] [a]; *see Matter of Charles A.*, 234 AD2d 1003 [1996]). The court is not required, however, "to actually try the lowest form of intervention, have it fail, and

then try each succeeding level of intervention before ordering . . . placement" (*Matter of Jason W.*, 207 AD2d 495, 496 [1994] [internal quotation marks omitted]). The record establishes that, although he had some success with electronic monitoring, respondent also had a record of infractions while in detention and failed to take responsibility for his actions. Thus, we conclude that the court "carefully considered the less-restrictive alternatives to the [respondent's] placement, and properly balanced the needs of the [respondent] and the need for the protection of the community" (*Matter of Rudolph S.*, 13 AD3d 459, 460 [2004]). We have reviewed respondent's remaining contention and conclude that it is without merit. Present—Smith, J.P., Peradotto, Carni, Pine and Gorski, JJ.