■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v

RAYMOND NIEVES, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Fisher, J.), rendered May 22, 1986, convicting him of criminal sale of a controlled substance in the third degree (three counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's conviction arises from his sales of heroin to an undercover police officer on three separate occasions. On the present appeal, he contends that the prosecution failed to disprove his defense that he merely acted as an agent for the purchaser. The contention is without merit, as the prosecution adduced ample evidence demonstrating that the defendant was an active seller of heroin rather than the agent of the undercover police officer (see, People v Lam Lek Chong, 45 NY2d 64, cert denied, 439 US 935).

Similarly unavailing is the defendant's contention that the trial testimony of the prosecution's chief witness, the undercover police officer who purchased the narcotics, was incredible because it was more detailed than his police report entries and his Grand Jury testimony. The resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily matters for the jury to determine (see, People v Gaimari, 176 NY 84). Its determination is to be accorded great deference on appeal and should not be disturbed absent a showing that it is clearly unsupported by the record (see, People v Garafolo, 44 AD2d 86). We discern no basis in the present record upon which to upset the jury's resolution of these questions and upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (CPL 470.15 [5]).

Furthermore, viewing the evidence in a light most favorable to the prosecution (People v Contes, 60 NY2d 620), we find that it was legally sufficient to support the defendant's conviction.

We have considered the defendant's remaining contentions, including those raised in his supplemental pro se brief, and find them either to be unpreserved for appellate review or without merit. Kooper, J. P., Sullivan, Harwood and Balletta, JJ., concur.