■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL PURVIS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Garry, J.), rendered June 18, 1986, convicting him of robbery in the first degree (two counts), robbery in the second degree (two counts), burglary in the second degree (three counts), and grand larceny in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant was identified in a lineup by two brothers

who witnessed a robbery at the bakery where they were employed. The defendant contends that the People failed to prove his guilt beyond a reasonable doubt because the brothers were unable to make an in-court identification. However, a detective who was present during the lineups testified that the defendant was the person identified by the brothers. Such identification testimony is permissible under CPL 60.25 and constitutes evidence-in-chief *(see, People v Lagana,* 36 NY2d 71, *cert denied* 424 US 942; *People v Nival,* 33 NY2d 391, *cert denied and appeal dismissed* 417 US 903; *People v Parris,* 109 AD2d 853; *People v Dure,* 102 AD2d 873). Accordingly, we find that the evidence, when viewed in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), was legally sufficient to support the verdict finding the defendant guilty beyond a reasonable doubt. The defendant's contention that the testimony of the detective exceeded the permissible bounds of CPL 60.25 is not preserved for appellate review and, in any event, is without merit.

Moreover, upon the exercise of our factual review power, we find that the verdict was not against the weight of the evidence (CPL 470.15 [5]). Resolution of issues of credibility, as well as the weight to be accorded to the identification testimony and to the testimony of the defendant's alibi witnesses, are primarily questions to be determined by the jury and its determination should not be set aside unless clearly unsupported by the record *(see, People v Nieves,* 143 AD2d 229, *lv denied* 72 NY2d 1048; *People v Gaines,* 142 AD2d 685). Bracken, J. P., Brown, Lawrence and Kooper, JJ., concur.