■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LUIS NAVARES, Also Known as ARCANGEL RUIZ, Appellant.—Judgment, Supreme Court, Bronx County (John Byrne, J.), rendered November 10, 1988, convicting defendant, after a jury trial, of robbery in the first degree and sentencing him to an indeterminate prison term of from 8⅓ to 25 years, unanimously affirmed.

Manuel Diaz testified that on April 2, 1986, he observed the defendant and Carmello Torres walk in the direction of the M & G Grocery store and meet up with one Hector Estrada. Diaz noted that the defendant and Torres—whom he knew from the area—were wearing trench coats and ski hats. Defendant's trench coat was described by Diaz as knee-length, dark brown in color, and leather-like. Diaz described Torres' trench coat as

beige in color. Bulges appeared in the trench coats worn by both defendant and Torres.

Shortly after Diaz made these observations, Martin Tapia, who was walking past the M & G Grocery, saw three masked gunmen inside the grocery holding up the employees. Tapia noted that two of the robbers wore trench coats and carried shotguns. Tapia stated that during the few seconds he stood in front of the grocery, he warned a few people not to enter the store. Tapia then crossed the street and, from that vantage point, observed the robbers when they exited the store. When defendant and Hector removed their ski masks, Tapia recognized them.

An M & G Grocery store employee who was present at the time of the robbery testified that the three robbers, *inter alia,* wore ski masks, and that two of them also wore trench coats and carried shotguns. The employee described the trench coat as knee length, one of which was dark brown in color, and the other beige or light brown.

A detective who investigated the crime, testified that he spoke to one witness (who did not testify) who allegedly saw a fourth unidentified person leaving the scene of the crime.

Contrary to defendant's claim, this evidence, viewed in a light most favorable to the People *(People v Malizia,* 62 NY2d 755, 757), sufficiently established defendant's guilt of robbery in the first degree beyond a reasonable doubt. Tapia witnessed the robbery and recognized the defendant, who removed his ski mask upon exiting the grocery. Defendant's attack on Tapia's credibility is unconvincing. Because resolution of the issue of credibility is left to the jury *(see, People v Mosley,* 112 AD2d 812, 814, *affd* 67 NY2d 985), its credibility determination should not be set aside unless it was clearly unsupported by the record *(see, People v Purvis,* 152 AD2d 756, 757). In this case, while there may have been some minor discrepancies between the testimonies of the several witnesses at trial, Tapia's credibility is supported by the corroborative testimony given by Diaz and the M & G Grocery store employee. We therefore decline to disturb the findings of the jury.

Defendant's argument that the verdict was against the weight of the evidence is also unpersuasive. *(See, People v Bleakley,* 69 NY2d 490, 495.) The credible evidence pointed to defendant's active participation in the robbery.

Further, contrary to defendant's *pro se* claim, there was (as noted *supra)* sufficient corroborative evidence, which did not

depend on Tapia's testimony, that tended to connect defendant with the crime *(see,* CPL 60.22 [1]; *People v Hudson,* 51 NY2d 233, 238).

Finally, defendant further argues that the court's failure to, *sua sponte,* give an "accomplice as a matter of fact" charge to the jury respecting eyewitness Tapia resulted in undue prejudice to the jury. This claim is unpreserved since defendant never requested the charge or excepted to the court's instructions as given *(see,* CPL 470.05 [2]; *People v Lipton,* 54 NY2d 340, 351; *People v Leon,* 121 AD2d 1, 6). In any event, while a defendant may not be convicted upon the uncorroborated testimony of an accomplice *(see,* CPL 60.22), corroborating evidence indeed existed in this record to support defendant's conviction. Concur—Sullivan, J. P., Carro, Rosenberger and Asch, JJ.