■ In the Matter of LEVAR A., a Person Alleged to be a Juvenile Delinquent, Appellant. [607 NYS2d 238] —Order of disposition, Family Court, New York County (Edward M. Kaufmann, J.), entered June 25, 1992, which adjudicated appellant a juvenile delinquent and placed him on probation for a period of 18 months for acts which, if committed by an adult, would constitute criminal possession of a controlled substance in the third degree, unanimously affirmed, without costs.

Contrary to appellant's contention, his right to a speedy fact-finding hearing was not violated. Pursuant to Family Court Act § 340.1 (2), a fact-finding hearing must commence within 60 days after the juvenile's initial appearance if the juvenile is not in detention. However, the fact-finding may be adjourned by the court, on its own motion, or that of the presentment agency, for up to 30 days beyond the 60-day period "for good cause shown." (Family Ct Act § 340.1 [4] [a].) "[W]hether a particular event or set of events constitutes 'good cause' * * * is a matter that must be decided on a case-by-case basis, with due regard to the stated legislative goal of prompt adjudication." (Matter of Frank C., 70 NY2d 408, 414.) Here, the record reveals that the Family Court delayed the fact-finding hearing 10 days beyond the 60-day period within which the hearing should have been held in order to prepare its decision on appellant's Mapp hearing. Given these circumstances, and the relatively short delay, we find that good cause was established. Concur—Sullivan, J. P., Rosenberger, Ross and Asch, JJ.