■ In the Matter of DEPARTMENT OF SOCIAL SERVICES, on Behalf of RICHARD S., Respondent. SOPHIA S., Appellant; HARRY S., Respondent. [612 NYS2d 217] —In a child neglect proceeding pursuant to Family Court Act article 10, the mother appeals from an order of the Family Court, Nassau County (Balkin, J.), entered June 22, 1992, which, after a fact-finding hearing, made an affirmative finding of neglect against her.

Ordered that the order is affirmed, without costs or disbursements.

In a child protection proceeding, the petitioner has the burden of proving that the injuries sustained by a child are of such a nature as would ordinarily not be sustained or exist except by reason of the acts or omissions of the parent or other person responsible for the care of the child *(see,* Family Ct Act § 1046 [b] [i]). Upon presentation of such proof, a prima facie case is made, and the burden shifts to the parent to offer a reasonable and adequate explanation of how the child sustained a substantial injury *(see, Matter of Marcus S.,* 123 AD2d 702; *see also, Matter of Shawniece E.,* 110 AD2d 900).

The injury sustained by the infant in this case would not ordinarily occur or exist except by reason of the acts of the parents who were responsible for his care, and therefore, constitute prima facie evidence of child abuse *(see,* Family Ct Act § 1046; *see also, Matter of Nassau County Dept. of Social Servs. [Joseph H.],* 191 AD2d 634). The child sustained first and second degree burns to the fingers of his right hand from the burner of a stove in the parents' kitchen. The record is clear that the 18-month-old child was too small to reach the burner himself, and each of the parents, who were the only parties present in the house at the time of the incident, accused the other of holding the child's hand to the burner. Accordingly, the petitioner met its burden of establishing neglect and the burden then shifted to the child's parents to present a satisfactory explanation.

The child's mother failed to present an adequate explanation to rebut the petitioner's prima facie showing of neglect. Despite her proffered concern for her child's well-being, she did not seek immediate medical attention for the child. Further, she told different versions of the burning incident to a social worker, to doctors, and at the hearing. Moreover, the father gave a completely different account of the event when he testified. Since there is conflicting testimony, and the matter turns almost entirely on assessments of the credibility of witnesses, we accord the hearing court's factual findings great weight, and decline to reverse the determination of neglect against the mother (see, Matter of Carine T., 183 AD2d 902, lv denied 80 NY2d 757).

We have examined the mother's further contentions and find them to be without merit. Sullivan, J. P., Rosenblatt, Pizzuto and Altman, JJ., concur.