■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GREGORY BROWN, Appellant. [618 NYS2d 297] —Judgment, Supreme Court, New York County (Edwin Torres, J.), rendered January 4, 1991, convicting defendant, after a jury trial, of murder in the second degree and sentencing him to a term of 25 years to life, unanimously affirmed.

We reject defendant's argument that the court erred in not holding a *Singer* hearing where there was a nine-year preindictment delay.

The trial court properly denied defendant's speedy trial motion without a hearing on the reasons for the nine-year preindictment delay.

Mere length of delay does not entitle a defendant to a hearing where, as here, there is no showing of prejudice and no dispute as to the facts showing that the investigation proceeded in good faith *(cf., People v Singer,* 44 NY2d 241, 245). Nor should there be a reversal because of the trial court's refusal to submit to the jury whether the former gang member who allegedly arranged the meeting at which defendant was instructed to kill the victim was an accomplice. Although different inferences can reasonably be drawn from the proof bearing on the complicity of this witness, any error in not submitting an "accomplice as a matter of fact" charge was harmless in view of the overwhelming corroborative proof of defendant's participation as getaway driver in this execution style slaying *(see, People v Navares,* 162 AD2d 422, 424, *lv denied* 76 NY2d 942).

Concerning defendant's *Rosario* claim, while we do not approve of the trial court's failure to inspect the tapes and transcripts in question immediately when their existence became known at trial *(see, People v Poole,* 48 NY2d 144, 149), nevertheless, the court ultimately did conduct such an inspection in the context of defendant's CPL article 440 motion, and under the circumstances, we find that such procedure did not deprive defendant of due process.

Finally, the evidence of uncharged crimes attributed to defendant and various prosecution witnesses, who were members of the violent drug gang to which defendant belonged, was properly admitted to establish motive. Concur—Rosenberger, J. P., Kupferman, Asch and Tom, JJ.