■ In the Matter of the Custody of REBECCA B., an Infant. RENEE B., Respondent; MICHAEL B., Appellant. [642 NYS2d 685] —Orders, Family Court, New York County (Judith Sheindlin, J.), entered on or about August 18 and November 8, 1995, which, in a child custody proceeding, denied respondent's motion to dismiss the proceeding on the ground that the child's Law Guardian, Lawyers for Children, Inc., lacked standing to bring it, granted the Law Guardian's motion to quash subpoenas served upon it and the social worker it hired, and denied respondent's motion to disqualify the court-appointed psychiatrist, unanimously affirmed, without costs.

In its dual role as advocate for and guardian of the subject child (*see*, Family Ct Act § 241; *Matter of Samuel W.*, 24 NY2d 196, *revd on other grounds sub nom. In re Winship*, 397 US 358; *Marquez v Presbyterian Hosp.*, 159 Misc 2d 617), Lawyers for Children clearly has an interest in the welfare of the child sufficient to give it standing to seek a change of custody (*cf., Matter of Janet S. M. M. v Commissioner of Social Servs.*, 158 Misc 2d 851). The child's communications with the Law Guardian (*Matter of Angelina AA.* (211 AD2d 951, 953, *lv denied* 85 NY2d 808), as well as with the social worker hired by the Law Guardian (*Matter of Lenny McN.*, 183 AD2d 627), implicate the attorney-client privilege, or the immunity from disclosure for attorney work product and material prepared for litigation, and thus, the subpoenas demanding the testimony of the Law Guardian and the social worker were properly quashed. Respondent's motion to disqualify the court-appointed psychiatrist for bias was also properly denied for lack of proof (*see, Virgo v Bonavilla*, 71 AD2d 1051, *affd* 49 NY2d 982). Concur—Sullivan, J. P., Rosenberger, Ellerin and Mazzarelli, JJ.