■ In the Matter of CLARICE P., a Child Alleged to be Abused. COMMISSIONER OF SOCIAL SERVICES, Appellants-Respondents; ROBERT P., Respondent-Appellant. [655 NYS2d 69] —In a child protective proceeding pursuant to Family Court Act article 10, (1) the Commissioner of Social Services appeals and the Law Guardian separately appeals from so much of a fact-finding order of the Family Court, Kings County (Segal, J.), dated May 19, 1995, as dismissed the petition insofar as asserted against the mother, and (2) the father cross-appeals from (a) so much of the fact-finding order as, after a hearing, found that he had abused the child Clarice P., and (b) an order of disposition of the same court, dated November 22, 1995, which, inter alia, placed the child with the Commissioner of Social Services for 12 months.

Ordered that the appeals are dismissed, without costs or disbursements, for failure to perfect the appeals in accordance with the rules of this Court (see, 22 NYCRR 670.8 [c], [e]); and it is further,

Ordered that the cross appeal from the fact-finding order is dismissed, without costs or disbursements, as that order was superseded by the order of disposition. The issues raised on the cross appeal from the fact-finding order are brought up for

review and have been considered on the cross appeal from the order of disposition; and it is further,

Ordered that the order of disposition is affirmed, without costs or disbursements.

The Family Court's determination that the father had physically and sexually abused his daughter is supported by a preponderance of the evidence (*see,* Family Ct Act § 1046 [b]; *Matter of Nicole V.,* 71 NY2d 112). The father contends that the child's out-of-court statements to, among others, her foster mother, a social worker, and a psychologist describing certain incidents of physical and sexual abuse were not sufficiently corroborated. However, the Family Court has considerable discretion in determining whether a child's out-of-court statements have been reliably corroborated and whether the record as a whole supports a finding of abuse (*see, Matter of Christina F.,* 74 NY2d 532, 536; *Matter of Commissioner of Social Servs. of City of N. Y. [Tanya C.] v Evelyn R.,* 217 AD2d 697). Here, the court acted within its discretion in determining that the child's statements were sufficiently corroborated.

The child's statements regarding her physical injury were corroborated by medical evidence and by expert testimony. Moreover, the father's admissions during cross-examination and the mother's testimony were sufficient to corroborate the child's statements regarding sexual abuse by the father. Since the explanation of the father's conduct offered by the child's foster mother and other relatives presented the court with issues of credibility, its factual findings must be accorded great weight on appeal (*see, Matter of Nassau County Dept. of Social Servs. [Laura C.],* 232 AD2d 635; *Matter of Department of Social Servs. [Richard S.],* 204 AD2d 636). The record amply supports the Family Court's determination that the testimony offered in the father's defense was "entirely unconvincing". O'Brien, J. P., Thompson, Joy and Florio, JJ., concur.