■ In the Matter of SEVERN J., a Person Alleged to be a Juvenile Delinquent, Appellant. [672 NYS2d 894] —In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeals are from (1) a pre-petition order of the Family Court, Westchester County (Spitz, J.), dated January 29, 1996, which remanded the appellant to a secure detention facility, (2) a post-petition order of the same court, dated February 1, 1996, which remanded the appellant to a secure detention facility, (3) an order of the same court, entered April 1, 1996, and (4) an order of disposition of the same court, entered July 15, 1996, which, upon a fact-finding order also dated July 15, 1996, and the appellant's admission, finding that the appellant had committed acts which, if committed by an adult, would have constituted the crimes of menacing in the second degree and assault in the third degree, and finding that the appellant had violated an order of disposition of the same court entered July 17, 1995, adjudged him to be a juvenile delinquent and placed him with the New York State Division for Youth, in a limited secure facility, for a period of one year. The appeal from the order of dispostion entered July 17, 1995, brings up for review the fact-finding order dated July 15, 1996.

Ordered that the appeals from the orders dated January 29, 1996, February 1, 1996, are dismissed as academic, without costs or disbursements; and it is further,

Ordered that the appeal from the order entered April 1, 1996, is dismissed without costs or disbursements; and it is further,

Ordered that the appeal from the order of disposition entered July 15, 1996, is affirmed, without costs or disbursements.

The appeal taken as of right from the order entered April 1, 1996, must be dismissed because the order is not appealable as of right (*see,* Family Ct Act § 1112), and, in any event, if it had been appealable as of right, that right would have terminated with the entry of the dispositional order in the proceeding (*see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on appeal

from the order is brought up for review and have been considered on the appeal from the dispositional order entered July 15, 1996 (*see,* CPLR 5501 [a] [1]).

The appellant contends that the Family Court improperly found that he was "not incapacitated" within the meaning of Family Court Act § 301.2 (13). This claim lacks merit. It is well settled that questions regarding the credibility of witnesses, as well as the weight of the evidence, are primarily matters to be resolved by the trier of fact. Its determination is accorded great deference as it had the opportunity to view the witnesses, hear their testimony, and observe their demeanor (*cf., People v Gaimari,* 176 NY 84, 94; *People v Garafolo,* 44 AD2d 86, 88; *see, Matter of Clarice P.,* 237 AD2d 364). Inasmuch as it cannot be said that the court's finding of capacity was clearly unsupported by the record (*cf., People v Nieves,* 143 AD2d 229; *People v Garafolo,* 44 AD2d 86, *supra*), we decline to disturb it on appeal.

We have considered the appellant's remaining contentions and find them to be without merit. Pizzuto, J. P., Santucci, Joy and Florio, JJ., concur.