■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. SYLVESTER SCOTT, Also Known as CURTIS WILLIAMS, Appellant, v BRION TRAVIS et al., Respondents. [675 NYS2d 56] —Judgment, Supreme Court, Bronx County (Edward Davidowitz, J.), entered on or about February 5, 1997, which denied petitioner's application for a writ of habeas corpus vacating a parole warrant and restoring him to parole supervision and dismissed the petition, unanimously affirmed, without costs.

The Undelivered Defendant Form signed by petitioner stating "I don't want to go" to the preliminary parole revocation hearing of which he had been given notice constituted competent and sufficient evidence of a knowing and intelligent waiver of the right to be present at the hearing, at least where, as here, petitioner never advised the Hearing Officer of any reasons why he could not or would not be present and never asked for an adjournment (*see, People ex rel. McKay v Sheriff of County of Rennselaer,* 152 AD2d 786, 787, *lv denied* 74 NY2d 616). Concur—Ellerin, J. P., Tom, Mazzarelli and Saxe, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES FRAZIER, Appellant. [675 NYS2d 530] —Judgment, Supreme Court, New York County (Jeffrey Atlas, J.), rendered March 29, 1995, convicting defendant, upon his plea of guilty, of burglary in the first degree, and sentencing him, as a second felony offender, to a term of 6 to 12 years, unanimously affirmed.

Defendant's motion to dismiss the indictment on the ground of prearrest delay was properly denied as the delay was reasonable in these circumstances and good cause therefor was shown. Moreover, there was no demonstrable prejudice to defendant (*People v Singer,* 44 NY2d 241, 252-255; *People v Taranovich,* 37 NY2d 442; *People v Brown,* 209 AD2d 233, *lv denied* 85 NY2d 860). Concur—Ellerin, J. P., Tom, Mazzarelli and Saxe, JJ.