■ In the Matter of KATHERINE S. and Others, Children Alleged to be Neglected. TRACY S., Appellant; DUTCHESS COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent. [705 NYS2d 895] —In a neglect proceeding pursuant to Family Court Act article 10, Tracy S. appeals from an order of fact-finding and disposition (one paper) of the Family Court, Dutchess County, entered May 12, 1994, which, after a hearing, found that she had neglected her children, and, *inter alia,* placed her under the supervision of the Dutchess County Department of Social Services for a period of up to 12 months.

■ In the Matter of KATHERINE S. and Others, Children Alleged to be Abused and Neglected. THEODORE L., Appellant; DUTCHESS COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent. [705 NYS2d 670] —In an abuse and neglect proceeding pursuant to Family Court Act article 10, Theodore L. appeals from an order of fact-finding and disposition (one paper) of the Family Court, Dutchess County (Amodeo, J.), entered May 12, 1994, which, after a hearing, found that Katherine S. and Frederick S. were abused and that all of the subject children were neglected, and, *inter alia,* placed him under the supervision of the Dutchess County Department of Social Services for a period of up to 12 months.

Ordered that the order is affirmed, without costs or disbursements.

The Family Court's determination that the appellant Theodore L. sexually abused two of the subject children is supported by a preponderance of the evidence (*see, Matter of Nicole V.,* 71 NY2d 112). The Family Court has considerable discretion in determining whether out-of-court statements made by children have been reliably corroborated and whether the record as a whole supports a finding of abuse (*see, Matter of*

*Christina F.*, 74 NY2d 532, 536; *Matter of Commissioner of Social Servs. of City of N. Y. [Tanya C.] v Evelyn R.*, 217 AD2d 697). Its factual findings must be accorded great weight on appeal (*see, Matter of Department of Social Servs. [Richard S.]*, 204 AD2d 636). Here, the court acted within its discretion in determining that the children's out-of-court statements were sufficiently corroborated by, *inter alia*, their in-court testimony and the medical evidence.

We reject the appellant's contention that the court deprived him of any due process rights or Sixth Amendment right of confrontation when it allowed two of the children to testify outside of his presence. The appellant's attorney was present and was permitted to cross-examine the children (*see, Matter of Christina F.*, 74 NY2d 532, *supra*; *Matter of Christa H.*, 267 AD2d 586; *Matter of Heather J.*, 244 AD2d 762; *Matter of Commissioner of Social Servs. [Zakhemia M.] v Lorenzo M.*, 239 AD2d 498).

The appellant's remaining contention is unpreserved for appellate review. O'Brien, J. P., Sullivan, Goldstein and H. Miller, JJ., concur.