■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. WAYNE HERRERA, Appellant, v GLEN EASTMOND et al., Respondents. [737 NYS2d 67] —Judgment, Supreme Court, Bronx County (John Byrne, J.), entered November 8, 1999, which denied petitioner's application for a writ of habeas corpus vacating a parole warrant and restoring him to parole supervision, and dismissed

the petition, unanimously affirmed, without costs. Appeal from order, same court and Justice, entered on or about January 12, 2000, which denied petitioner's motion for reargument, unanimously dismissed, without costs, as taken from a nonappealable order.

The transcript of the preliminary parole revocation hearing shows that petitioner's parole officer produced an Undelivered Defendant Form that, as described by the hearing officer, was signed by petitioner, witnessed by a correction officer, dated the same day as the hearing, and indicated that petitioner "refused to appear" at the hearing without giving a reason. Such form constituted competent and sufficient evidence of a knowing and intelligent waiver by petitioner of the right to be present at the hearing (*People ex rel. Scott v Travis*, 251 AD2d 264). In the instant application, petitioner alleges that he was not produced for the hearing and did not refuse to appear thereat, and that conducting the hearing in his absence was therefore a denial of his right to be present. In opposition, respondent Division of Parole, for unstated reasons, was unable to produce the Undelivered Defendant Form it had produced at the hearing, and it therefore relies on the transcript of the hearing as proof of petitioner's waiver of the right to be present. Such reliance is proper. The hearing officer's summary of the Undelivered Defendant Form provides ample assurance of its existence and regular execution (*cf., People v Serrano*, 93 NY2d 73, 78). Concur—Williams, J.P., Rosenberger, Wallach and Lerner, JJ.