THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SERGIO ULYSSE, Appellant. [807 NYS2d 649]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Collini, J.), rendered April 9, 2003, convicting him of robbery in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. The evidence presented by the People was sufficient to permit a rational trier of fact to conclude that the defendant was the assailant. The trial testimony revealed that the complainant had ample opportunity to see the assailant both before and during the incident and pointed out the defendant to the police about an hour after the incident (see People v Barrer, 257 AD2d 364 [1999]; People v Jackson, 168 AD2d 633 [1990]). In addition, despite initially pointing to a courtroom spectator, during his direct testimony and on cross-examination, the complainant subsequently identified the defendant as the assailant three times (see People v Mendoza, 218 AD2d 672 [1995]).

Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (see CPL 470.15 [5]). The defendant contends that the testimony of the complainant lacked credibility and, in fact, established that the defendant was not the assailant. The weight to be accorded to the evidence presented, however, as well as the resolution of issues as to identification and credibility, are primarily questions to be determined by the jury, which saw and heard the witnesses (see People v Prahalad, 295 AD2d 373 [2002]; People v Purvis, 152 AD2d 756 [1989]). The jury's "determination should be accorded great deference on appeal and should not be disturbed unless clearly unsupported by the record" (People v Wells, 18 AD3d 482, 483 [2005], lv denied 5 NY3d 811 [2005]). Here, the record supports the jury's determination. Schmidt, J.P., Krausman, Luciano and Covello, JJ., concur.