■ In the Matter of CARLIPH T., a Person Alleged to be a Juvenile Delinquent, Appellant. [808 NYS2d 909]—In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from (1) a fact-finding order of the Family Court, Richmond County (Porzio, J.), dated July 14, 2004, which, after a hearing, found that the appellant committed acts which, if committed by an adult, would constitute the crimes of attempted assault in the second degree and criminal possession of a weapon in the fourth degree, and (2) an order of disposition of the same court dated August 13, 2004, which, upon the fact-finding order, adjudged the appellant to be a juvenile delinquent and placed him in the custody of the New York State Office of Children and Family Services in a limited secure facility for a period of 18 months.

Ordered that the appeal from the fact-finding order is dismissed, without costs or disbursements, as that order was superseded by the order of disposition; and it is further,

Ordered that the order of disposition is affirmed, without costs or disbursements.

Viewing the evidence in the light most favorable to the presentment agency (*see Matter of David H.*, 69 NY2d 792 [1987]), we find that it was legally sufficient to establish that the appellant committed acts which, if committed by an adult, would have constituted the crimes of attempted assault in the second degree and criminal possession of a weapon in the fourth degree (*see* Penal Law §§ 110.00, 120.05 [2]; § 265.01 [2]). Moreover,

resolution of issues of credibility, as well as the weight to be accorded the evidence presented, are primarily questions to be determined by the trier of fact, which saw and heard the witnesses (*see Matter of Troy J.*, 22 AD3d 581 [2005]; *Matter of Kevin M.*, 6 AD3d 616 [2004]; *Matter of Dennis G.*, 294 AD2d 501 [2002]). Its determination should not be disturbed unless clearly unsupported by the record (*see Matter of James B.*, 262 AD2d 480, 481 [1999]). Upon the exercise of our factual review power, we are satisfied that the findings of fact were not against the weight of the evidence (*cf.* CPL 470.15 [5]).

The Family Court has broad discretion in entering dispositional orders (*see Matter of Naiquan T.*, 265 AD2d 331 [1999]; *Matter of Tristan W.*, 258 AD2d 585 [1999]; Family Ct Act § 141) and great deference is given to the court's determination (*see Matter of Stephone M.H.*, 11 AD3d 464, 465 [2004]; *Matter of Severn J.*, 250 AD2d 682 [1998]). The Family Court's determination with respect to the disposition demonstrated that it carefully considered the less restrictive alternatives to the appellant's placement and properly balanced the needs of the juvenile and the need for the protection of the community (*see* Family Ct Act § 352.2 [2]). H. Miller, J.P., Mastro, Fisher and Lunn, JJ., concur.