■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TYRONE ABRAHAM, Appellant. [813 NYS2d 438]—

Judgment, Supreme Court, Bronx County (John M. Perone, J.), rendered December 4, 1997, convicting defendant, after a jury trial, of murder in the second degree, and sentencing him to a term of 25 years to life, unanimously affirmed.

When viewed in context, there was nothing false about a pros-

ecution witness's trial testimony that, when he testified before the grand jury, he was not aware he had received immunity, and that the prosecutor did not discuss the issue of immunity with him. Accordingly, there was no "false" testimony for the prosecutor to correct. The record establishes that the witness did not even learn that he had immunity until shortly before the trial. In any event, there is no evidence that this witness was "granted" immunity in "return" for his testimony; instead, although he may have had a possible connection to the crime, he simply received automatic immunity under CPL 190.40 (2) in the same manner as any ordinary nontargeted witness (*see People v Piazza*, 48 NY2d 151, 162-163 [1979]). Moreover, defendant ultimately elicited from the witness that he had no fear of being prosecuted. Accordingly, there was no concealed promise of leniency, and defendant's constitutional arguments in this regard (*see People v Cwikla*, 46 NY2d 434, 441 [1979]; *Giglio v United States*, 405 US 150, 153-154 [1972]) are without merit.

The prosecutor did not impeach his own witness with his prior statement to the police and his grand jury testimony. Instead, the prosecutor properly used these materials to refresh the witness's recollection without disclosing their contents to the jury (*see* CPL 60.35; *People v Edwards*, 232 AD2d 342 [1996], *lv denied* 89 NY2d 984 [1997], *cert denied* 522 US 1121 [1998]; *see also People v Marshall*, 220 AD2d 692 [1995], *lv denied* 87 NY2d 904 [1995]). The record fails to support defendant's argument that the prosecutor effectively revealed the contents of these statements.

Defendant did not preserve his claim that the court should have submitted to the jury the factual issue of the possible accomplice status of a witness, and we decline to review it in the interest of justice. Were we to review this claim, we would find that while there was a factual basis for submitting this issue to the jury (*see* CPL 60.22), any error was harmless in light of the extensive nonaccomplice testimony (*see e.g. People v Brown*, 209 AD2d 233 [1994], *lv denied* 85 NY2d 860 [1995]).

On the existing record, to the extent it permits review, we find that defendant received effective assistance under the state and federal standards (*see People v Benevento*, 91 NY2d 708, 713-714 [1998]; *see also Strickland v Washington*, 466 US 668 [1984]).

We perceive no basis for reducing the sentence. Concur— Tom, J.P., Mazzarelli, Marlow, Nardelli and Malone, JJ.