█ In the Matter of YASIN H., a Person Alleged to be a Juvenile Delinquent, Appellant. [819 NYS2d 83]—

In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Queens County (Bogacz, J.), dated June 9, 2005, which, upon a fact-finding order of the same court dated April 21, 2005, made after a hearing, found that the appellant had committed an act which, if committed by an adult, would have constituted the crime of public lewdness, adjudged him to be a juvenile delinquent and placed him on probation for a period of 20 months.

Ordered that the order of disposition is affirmed, without costs or disbursements.

On appeal, the appellant contends the proper disposition should have been an adjournment in contemplation of dismissal. The Family Court has broad discretion in entering dispositional orders (*see Matter of Jarel S.,* 282 AD2d 681 [2001]; *Matter of Naiquan T.,* 265 AD2d 331 [1999]; *Matter of Tristan W.,* 258 AD2d 585 [1999]; Family Ct Act § 141). Great deference is given to the Family Court's determination because it had the opportunity to view the witnesses, hear their testimony, and observe their demeanor (*see Matter of Stephone M.H.,* 11 AD3d 464 [2004]; *Matter of Severn J.,* 250 AD2d 682 [1998]). Here the record demonstrates that the Family Court did "consider the needs and best interests of the [appellant] as well as the need for protection of the community," and that it ordered "the least restrictive available alternative" which was consistent with such needs and interests (Family Ct Act § 352.2 [2]; *see Matter of Carliph T.,* 26 AD3d 440 [2006]). Furthermore, contrary to the appellant's contention, he was "not entitled to an adjournment in contemplation of dismissal on the ground that this was his first 'brush with the law' " (*Matter of Steven L.,* 21 AD3d 962, 963 [2005], quoting *Matter of Nikita P.,* 3 AD3d 499, 501 [2004]).

Accordingly, based upon all the circumstances of this case, the

Family Court providently exercised its discretion in adjudicating the appellant a juvenile delinquent and imposing a 20-month period of probation (*see e.g. Matter of Jeffrey V.*, 185 AD2d 241 [1992]; *Matter of Paul R.*, 131 AD2d 764 [1987]). Schmidt, J.P., Santucci, Luciano and Covello, JJ., concur.