■ In the Matter of ONEIL D., a Person Alleged to be a Juvenile Delinquent, Appellant. [824 NYS2d 743]—

In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Kings County (Turbow, J.), dated February 9, 2006, which, upon a fact-finding order of the same court dated November 29, 2005, made upon the appellant's admission, finding that the appellant had committed acts which, if committed by an adult, would have constituted the crime of criminal mischief in the fourth degree, adjudged him to be a juvenile delinquent and placed him on probation for a period of 12 months.

Ordered that the order of disposition is affirmed, without costs or disbursements.

The Family Court has broad discretion in entering dispositional orders (*see Matter of Yasin H.,* 31 AD3d 638 [2006]; *Matter of Carliph T.,* 26 AD3d 440 [2006]; *Matter of Naiquan T.,* 265 AD2d 331 [1999]; *see also* Family Ct Act § 141). Here, the Family Court providently exercised its discretion in adjudicating the appellant a juvenile delinquent and placing him on probation, particularly in view of the appellant's poor record of performance, attendance, and behavior at school, and the recommendation made in the probation report (*see Matter of Cesar E.,* 32 AD3d 1024 [2006]; *Matter of Julissa R.,* 30 AD3d 526, 528 [2006]; *Matter of Tyrell D.,* 24 AD3d 440 [2005]; *Matter of Leah G.,* 23 AD3d 658 [2005]; *Matter of Rosario S.,* 18 AD3d 563, 564 [2005]; *Matter of Gerald W.,* 12 AD3d 522 [2004]; *Matter of Steven R.,* 230 AD2d 745 [1996]). Contrary to the appellant's contention, he was not entitled to an adjournment in contemplation of dismissal on the ground that "this was [his] first 'brush with the law' " (*Matter of Nikita P.,* 3 AD3d 499, 501

[2004]; *see Matter of Cesar E., supra; Matter of Yasin H., supra; Matter of Julissa R., supra* at 528; *Matter of Rosario S., supra; Matter of Steven R., supra*). Prudenti, P.J., Schmidt, Dillon and Covello, JJ., concur.