■ In the Matter of Thomas L., a Person Alleged to be a Juvenile Delinquent, Appellant. [861 NYS2d 371]—In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Kings County (Weinstein, J.), dated March 7, 2007, which, upon a fact-finding order of the same court dated December 12, 2006, made after a hearing, finding that the appellant committed acts which, if committed by an adult, would have constituted the crimes of criminal possession of a weapon in the third degree and unlawful possession of a box cutter in a public place, adjudged him to be a juvenile delinquent and placed him in the custody of the New York State Office of Children and Family Services for a period of 18 months. The appeal brings up for review the fact-finding order dated December 12, 2006.

Ordered that the order of disposition is affirmed, without costs or disbursements

The appellant's right to a speedy fact-finding hearing (*see* Family Ct Act § 340.1 [2]) was not violated. The court properly found good cause to adjourn the hearing based upon the need to resolve pending suppression motions (*see* Family Ct Act § 340.1 [4]; *Matter of David W.,* 241 AD2d 388 [1997]; *Matter of Levar A.,* 200 AD2d 443 [1994]).

Viewing the evidence in the light most favorable to the presentment agency (*see Matter of David H.,* 69 NY2d 792 [1987]), we find that it was legally sufficient to establish that the appellant committed acts which, if committed by an adult, would have constituted the crimes of criminal possession of a weapon in the third degree and unlawful possession of a box cutter in a public place (*cf.* Penal Law § 265.02; Administrative Code of

City of NY § 10-134.1 [e]). Moreover, resolution of issues of credibility is primarily a matter to be determined by the finder of fact, which saw and heard the witnesses, and its determination should be accorded great deference on appeal (*see Matter of Carliph T.,* 26 AD3d 440 [2006]; *Matter of Michael T.,* 305 AD2d 610 [2003]). Upon the exercise of our factual review power (*cf.* CPL 470.15 [5]), we are satisfied that the Family Court's finding that the appellant committed those acts was not against the weight of the evidence (*cf. People v Danielson,* 9 NY3d 342 [2007]). Spolzino, J.P., Covello, Dickerson and Eng, JJ., concur.