In the Matter of STEFANI C., a Child Alleged to be Neglected. SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; OSCAR A., Appellant. (Proceeding No. 1.) In the Matter of KATHERINE C., a Child Alleged to be Neglected. SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; OSCAR A., Appellant. (Proceeding No. 2.) [876 NYS2d 501]—

In two related proceedings pursuant to Family Court Act article 10, the father appeals from an order of fact-finding and disposition of the Family Court, Suffolk County (Hoffmann, J.), dated April 8, 2008, which, after fact-finding and dispositional hearings, and upon a decision of the same court dated March 17, 2008, found that he had neglected the subject children, and incorporated by reference an order of protection against him.

Ordered that the order is affirmed, without costs or disbursements.

The Family Court properly found that the petitioner established by a preponderance of the evidence that the father neglected the subject children. The Family Court's determination in a neglect proceeding where issues of credibility are presented is entitled to great deference on appeal, as the court saw and heard the witnesses (*see Matter of Steven Glenn R.*, 51 AD3d 802 [2008]). Here, the court credited the testimony of the mother regarding the incidents of domestic violence in the home, and there is no basis to disturb that determination on appeal.

The father's contention that the court erred in not modifying the dispositional order to allow him to return to the home is without merit. The Family Court has broad discretion in entering dispositional orders, and its determination in entering dispositional orders is entitled to great deference, as it has the opportunity to hear the witnesses' testimony and view their demeanor (*see Matter of Javed K.*, 57 AD3d 899 [2008]; *Matter of Yasin H.*, 31 AD3d 638 [2006]). Given the mother's testimony as to the acts of domestic violence committed by the father, which the court credited, the court providently exercised its discretion in ordering the father to stay away from the mother and the children while completing treatment programs. The order of protection, incorporated by reference into the order of disposition, set forth reasonable conditions of behavior to be observed for a specified time by the father (*see* Family Ct Act § 1056 [1]).

The father's remaining contentions are without merit. Mastro, J.P., Santucci, Dickerson and Leventhal, JJ., concur.