OPINION OF THE COURT
Brian D. Burns, J.
The Attorney for the Child filed a petition to modify an order of this court on October 7, 2010. Respondent mother filed a motion to dismiss the petition, which was made returnable for submission of papers. The court has considered the papers filed in support of the motion as well as the papers in opposition filed by the petitioner and respondent father.
Respondent alleges that the Attorney for the Child lacks standing to file a petition concerning custody on behalf of the child. Despite arguments to the contrary, respondent’s position is not an unreasonable one given that children are not specifically granted standing in any of the statutes which confer standing to parties in custody and visitation matters. (See Domestic Relations Law § 70 [a]; § 240; Family Ct Act § 651 [b]; Matter of Janet S.M.M. v Commissioner of Social Servs., 158 Misc 2d 851, 853 [Fam Ct, Westchester County 1993].) By contrast, Family Court Act § 522 authorizes a child to commence a paternity proceeding. By extension, the conferral of standing upon the child permits the Attorney for the Child to file a paternity petition on the child’s behalf. (See Matter of Elacqua v James EE., 203 AD2d 688 [3d Dept 1994]; see also Family Ct Act §§ 241, 249.)
The absence of specific authority regarding custody and visitation is problematic for petitioner. However, in the absence of a statute granting a child standing to sue, standing depends upon whether the party has alleged facts showing a disadvantage to themselves as individuals. (See Baker v Carr, 369 US 186, 206 [1962]; see also Janet S.M.M. at 853.) In this matter, the Attorney for the Child makes allegations which relate directly to the child’s desire to live with his father. There can be little dispute that the child has a stake in this outcome sufficient to confer standing upon him to file a petition, and by extension, for the Attorney for the Child to file on his behalf. (See Matter of Rebecca B., 227 AD2d 315 [1st Dept 1996].) Accordingly, the motion to dismiss is denied.
*200 The father’s attorney asks for fees for what he deems is a “frivolous motion.” His request is denied.
“The authority to impose sanctions or costs is committed to the court’s sound discretion.” (See De Ruzzio v De Ruzzio, 287 AD2d 896, 897 [3d Dept 2001].) Costs are awarded for frivolous conduct, which is defined as conduct which
“(1) . . . is completely without merit in law and cannot be supported by a reasonable argument for an extension, modification or reversal of existing law;
“(2) . . .is undertaken primarily to delay or prolong the resolution of the litigation, or to harass or maliciously injure another; or
“(3) . . . asserts material factual statements that are false.” (22 NYCRR 130-1.1 [c].)
Other than counsel’s conclusion that the motion is frivolous, there were no other allegations made which would support such a finding. Although the court ultimately disagreed with the respondent, the court does not find respondent’s arguments to be without merit nor does the court consider the law particularly clear on this specific issue.
Now, based on the foregoing, it is hereby ordered that the motion to dismiss the petition is denied; and it is further ordered that the request for fees by respondent father is denied; and it is further ordered that a fact-finding hearing on this matter is scheduled for Thursday, May 19, 2011 at 9:30 am.- 12:00 p.m. (no further notice will he given).