■ In the Matter of Gregory N., a Person Alleged to be a Juvenile Delinquent, Appellant. [969 NYS2d 114]—

In a juvenile delinquency proceeding pursuant to Family Court Act article 3, Gregory N. appeals from an order of disposition of the Family Court, Kings County (Ambrosio, J.), dated April 4, 2012, which, upon a fact-finding order of the same court dated February 22, 2012, made after a hearing, finding that he had committed an act which, if committed by an adult, would have constituted the crime of criminal possession of a weapon in the fourth degree and committed the offense of unlawful possession of weapons by persons under sixteen, adjudged him to be a juvenile delinquent, and placed him on probation for a period of 12 months. The appeal from the order of disposition

brings up for review the fact-finding order and the denial, after a hearing, of that branch of the appellant's omnibus motion which was to suppress physical evidence.

Ordered that the appeal from so much of the order of disposition as placed the appellant on probation for a period of 12 months is dismissed as academic, without costs or disbursements, as the period of probation has expired; and it is further,

Ordered that the order of disposition is affirmed insofar as reviewed, without costs or disbursements.

The appellant failed to preserve for appellate review his arguments with respect to the impropriety of the adjournment of his fact-finding hearing (*see Matter of Yarras F.*, 5 AD3d 481 [2004]; *Matter of Kovan Clearance D.*, 288 AD2d 219 [2001]). In any event, his right to a speedy fact-finding hearing (*see* Family Ct Act § 340.1 [1]) was not violated in light of the need to resolve his pending suppression motion (*see Matter of Willie E.*, 88 NY2d 205, 209-210 [1996]; *Matter of Thomas L.*, 52 AD3d 716 [2008]).

Moreover, that branch of the appellant's omnibus motion which was to suppress physical evidence was properly denied. The police officer was justified in detaining the appellant as a suspected truant (*see Matter of Shannon B.*, 70 NY2d 458, 462 [1987]) and, under the circumstances, was further justified in seizing the knife he saw protruding from the appellant's pants pocket in plain view, even though he did not know at the time whether or not the knife was illegal (*see People v Miranda*, 19 NY3d 912, 914 [2012]). Skelos, J.P., Dickerson, Austin and Cohen, JJ., concur.