■ In the Matter of NYSAIAH L., a Person Alleged to be a Juvenile Delinquent, Appellant. [4 NYS3d 76]—

Appeal from an order of disposition of the Family Court, Kings County (Terrence J. McElrath, J.), dated April 15, 2014. The order vacated an order of disposition of that court dated November 18, 2013, which had placed Nysaiah L. on probation, and directed his placement in a nonsecure detention facility with the Administration for Children's Services for a period of up to 18 months.

Ordered that the order of disposition dated April 15, 2014, is affirmed, without costs or disbursements.

In an order of disposition dated November 18, 2013, the Family Court adjudicated the appellant a juvenile delinquent upon his admission that he committed acts which, if committed by an adult, would have constituted the crime of robbery in the third degree, and placed him on probation. The Family Court subsequently determined that the appellant violated the terms and conditions of his probation, vacated the order of disposition dated November 18, 2013, and entered a new order of disposition dated April 15, 2014, placing the appellant in a nonsecure detention facility.

The Family Court has broad discretion in entering dispositional orders, and its determination is accorded great deference on appeal (*see Matter of Ryan G.*, 112 AD3d 712 [2013]; *Matter of Eunique B.*, 73 AD3d 764 [2010]; *Matter of Ashanti B.*, 62 AD3d 790 [2009]). Here, contrary to the appellant's contention, the Family Court providently exercised its discretion in placing the appellant in a nonsecure detention facility with the Administration for Children's Services for a period of up to 18 months. Under the circumstances of this case, the disposition was the least restrictive alternative consistent with the best interests of the appellant and the needs of the community in light of, inter alia, the seriousness of the underlying acts, a finding that he committed similar acts which constituted a statutory violation of his probation (*see* Family Ct Act § 353.2 [4]), his poor school attendance, and several violations of the terms and conditions of his probation (*see* Family Ct Act § 352.2 [2] [a]; *Matter of Jalen G.*, 104 AD3d 853 [2013]; *cf. Matter of Isaiah C.*, 118 AD3d 780 [2014]; *Matter of Alfredo H.*, 25 AD3d 798, 799-800 [2006]). Mastro, J.P., Dickerson, Maltese and Barros, JJ., concur.