■ In the Matter of JUAN P., a Person Alleged to be a Juvenile Delinquent, Appellant. [17 NYS3d 727]—Appeal from an order of disposition of the Family Court, Kings County (Jacqueline D. Williams, J.), dated July 22, 2014. The order adjudicated Juan P. a juvenile delinquent and placed him in the custody of the New York State Office of Children and Family Services for a period of three years. The appeal brings up for review a fact-finding order of that court dated January 30, 2014, which, after a hearing, found that the appellant committed acts which, if committed by an adult, would have constituted the crimes of attempted assault in the second degree and criminal possession of a weapon in the fourth degree.

Ordered that the order of disposition is affirmed, without costs or disbursements.

Viewing the evidence in the light most favorable to the presentment agency (*see Matter of David H.*, 69 NY2d 792, 793 [1987]), we find that it was legally sufficient to establish beyond a reasonable doubt that the appellant committed acts which, if committed by an adult, would have constituted the crimes of attempted assault in the second degree (*see* Penal Law §§ 110.00, 120.05 [2]) and criminal possession of a weapon in the fourth degree (*see* Penal Law § 265.01 [1]). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see Matter of Hasan C.*, 59 AD3d 617, 617-618 [2009]; *cf.* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342, 348 [2007]), we nevertheless accord great deference to the factfinder's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see Matter of Brooklyn B.*, 77 AD3d 934, 935 [2010]; *Matter of Victor I.*, 57 AD3d 778, 779 [2008]). Upon reviewing the record here, we are satisfied that the Family Court's fact-finding determinations with regard to the appellant's possession of a "dangerous instrument" (Penal Law § 10.00 [13]), and his attempt to use such dangerous instrument unlawfully against another, were not against the weight of the evidence.

The appellant's contention that it was a violation of his due process rights for the Family Court to have utilized a preponderance of the evidence standard, as opposed to a proof beyond a reasonable doubt standard, during the dispositional hearing is without merit. "An adjudication at the conclusion of a dispositional hearing must be based on a preponderance of the evidence" (Family Ct Act § 350.3 [2]).

Contrary to the appellant's contention, the Family Court properly received hearsay evidence at the dispositional hearing, as such evidence was material and relevant (*see Matter of Jaquan P.*, 15 AD3d 664 [2005]).

"The Family Court has broad discretion in entering dispositional orders, and its determination is accorded great deference on appeal" (*Matter of Nysaiah L.*, 125 AD3d 776, 777 [2015]; *see Matter of Christopher H.*, 123 AD3d 713, 714 [2014]). Here, contrary to the appellant's contention, the Family Court providently exercised its discretion in placing him in the custody of the New York State Office of Children and Family Services (hereinafter OCFS) for a period of three years. Under the circumstances of this case, the disposition was the least restrictive alternative consistent with the best interests of the appellant and the needs of the community in light of, inter alia, the appellant's recidivism, the failure of prior, less restrictive, placements to curtail his behavioral issues and violent tendencies, and the fact that the appellant was in the custody of OCFS when he committed the subject acts. Leventhal, J.P., Chambers, Austin and Miller, JJ., concur.