■ In the Matter of SHAKA S., a Person Alleged to be a Juvenile Delinquent, Appellant. [22 NYS3d 473]—

Appeal from an order of disposition of the Family Court, Queens County (Robert I. Caloras, J.), dated March 11, 2015. The order vacated an order of disposition of that court dated June 10, 2014, adjudicating Shaka S. a juvenile delinquent and placing him on probation, and thereupon, placed him in a limited secure detention facility for a period of up to 18 months.

Ordered that the order of disposition dated March 11, 2015, is affirmed, without costs or disbursements.

In an order of disposition dated June 10, 2014, the Family Court adjudicated the appellant a juvenile delinquent upon his admission that he committed acts which, if committed by an adult, would have constituted the crime of robbery in the second degree, and placed him on probation. The Family Court subsequently determined that the appellant violated the terms and conditions of his probation upon the appellant's admission that he committed acts which, if committed by an adult, would have constituted the crime of grand larceny in the fourth degree. As a result, the Family Court vacated the order of disposition dated June 10, 2014, and entered a new order of disposition dated March 11, 2015, placing the appellant in a limited secure detention facility for a period of up to 18 months.

Contrary to the appellant's contention, the Family Court providently exercised its discretion in placing the appellant in a limited secure detention facility for a period of up to 18 months. The disposition was the least restrictive alternative consistent with the needs and best interests of the appellant and the need for protection of the community in light of, inter alia, the recommendation in the probation report, the findings in the mental health services report, the seriousness of the underlying acts, a finding that he committed similar violent acts which constituted a statutory violation of his probation (*see* Family Ct Act § 353.2 [4]), and other violations of the terms and conditions of his probation (*see Matter of Dillon R.*, 130

AD3d 629, 630 [2015]; *Matter of Nysaiah L.*, 125 AD3d 776, 777 [2015]; *Matter of Ryan G.*, 112 AD3d 712, 713 [2013]; *Matter of Paul T.*, 107 AD3d 726, 727 [2013]). Dillon, J.P., Austin, Roman and Barros, JJ., concur.