■ In the Matter of SHARICE B., a Person Alleged to be a Juvenile Delinquent, Appellant. [51 NYS3d 620]—

Appeal from an order of disposition of the Family Court, Richmond County (Peter F. DeLizzo, J.), dated July 19, 2016. The order of disposition adjudicated Sharice B. a juvenile delinquent and placed him under the care and custody of the New York State Office of Children and Family Services for a period not to exceed 18 months, but no less than 6 months, with a credit of 1 month for time served in detention pending disposition. The appeal brings up for review so much of an order of fact-finding of that court dated May 25, 2016, made upon Sharice B.'s admission, as found that he committed acts which, if committed by an adult, would have constituted the crime of robbery in the first degree.

Ordered that the order of disposition is modified, on the law, by vacating the provision thereof crediting the appellant with 1 month for time served in detention pending disposition, and substituting therefor a provision crediting the appellant with 2 months for time served in detention pending disposition; as so modified, the order of disposition is affirmed, without costs or disbursements.

Contrary to the appellant's contention, the Family Court did not improvidently exercise its discretion in denying his request for a lesser restrictive placement. The Family Court has broad discretion in determining dispositions (see Family Ct Act § 141; Matter of Naiquan T., 265 AD2d 331 [1999]; Matter of Tristan W., 258 AD2d 585 [1999]). " '[T]he least restrictive alternative test does not require the court to actually try the lowest form of intervention, have it fail, and then try each succeeding level of intervention before ordering . . . placement' " (Matter of Tristan W., 258 AD2d at 586, quoting Matter of Anthony M., 142 AD2d 731, 732 [1988]; see Matter of Jamil W., 184 AD2d 513, 514 [1992]). Here, the court's determination demonstrated that it carefully considered the less-restrictive alternatives to the appellant's placement, and properly balanced the needs of the appellant and the need for the protection of the community (see Family Ct Act § 352.2 [2]).

Contrary to the appellant's contention, the record demon-

strates that he was advised of all possible dispositional alternatives and was properly allocuted (*see* Family Ct Act § 321.3 [1]).

The appellant served 2 months in predisposition detention, but the Family Court credited him with only 1 month. As such, the court was required to make a specific finding that crediting the appellant with the entire period of predisposition detention would not serve the interests of the appellant or the community (*see* Family Ct Act § 353.3 [5]; *Matter of Miranda C.*, 103 AD3d 891, 894 [2013]). However, it failed to do so. Accordingly, the appellant is entitled to credit for all predisposition detention as a result of the charge that culminated in the period of placement (*see Matter of Miranda C.*, 103 AD3d at 894).

The appellant's remaining contention is without merit. Dillon, J.P., Austin, Hinds-Radix and Maltese, JJ., concur.