Appeal from an order of fact-finding and disposition of the Family Court, Suffolk County (Philip Goglas, J.), dated December 22, 2016. The order of fact-finding and disposition, insofar as appealed from, upon adjudicating the appellant a juvenile delinquent, placed him in the custody of the Commissioner of Social Services of Suffolk County for a period of one year.
 

 Ordered that the order of fact-finding and disposition is affirmed insofar as appealed from, without costs or disbursements.
 

 In this juvenile delinquency proceeding, the appellant made an admission to committing acts which, if committed by an adult, would have constituted the crime of criminal trespass in the second degree.
 

 Contrary to the appellant’s contention, the Family Court providently exercised its discretion in placing him in the custody of the Commissioner of Social Services of Suffolk County for a period of one year. “The Family Court has broad discretion in entering dispositional orders, and its determination is accorded great deference on appeal” (Matter of Nysaiah L., 125 AD3d 776, 777 [2015]). “[T]he least restrictive alternative test does not require the court to actually try the lowest form of intervention, have it fail, and then try each succeeding level of intervention before ordering . . . placement” (Matter of Sharice B., 149 AD3d 833, 833 [2017] [internal quotation marks omitted]; see Matter of Tristan W., 258 AD2d 585, 586 [1999]). Here, the disposition was the least restrictive alternative consistent with the needs and best interests of the appellant and the need for protection of the community in light of, inter alia, the appellant’s history of juvenile delinquency and disciplinary problems, and his violation of the terms and conditions of his probation on a prior adjudication (see Family Ct Act § 352.2 [2] [a]; Matter of Dillon R., 130 AD3d 629 [2015]; Matter of Jalen G., 104 AD3d 853 [2013]; Matter of Isaiah B., 98 AD3d 435, 436 [2012]; Matter of Lucius A., 258 AD2d 389 [1999]).
 

 Balkin, J.P., Austin, Sgroi and LaSalle, JJ., concur.