Matter of Alquan J.-H. (2023 NY Slip Op 01510)

Matter of Alquan J.-H.

2023 NY Slip Op 01510

Decided on March 22, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 22, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
REINALDO E. RIVERA
JOSEPH A. ZAYAS
HELEN VOUTSINAS, JJ.

2022-02121
 (Docket No. D-403-22)

[*1]In the Matter of Alquan J.-H. (Anonymous), appellant.

Ronna L. DeLoe, Larchmont, NY, for appellant.
Sylvia O. Hinds-Radix, Corporation Counsel, New York, NY (Jane L. Gordon and Lauren L. O'Brien of counsel), for respondent.

DECISION & ORDER
In a juvenile delinquency proceeding pursuant to Family Court Act article 3, Alquan J.-H. appeals from an order of disposition of the Family Court, Kings County (Alan Beckoff, J.), dated March 15, 2022. The order of disposition, upon an order of fact-finding dated January 28, 2022, made upon the admission of Alquan J.-H., finding that he committed an act which, if committed by an adult, would have constituted the crime of criminal possession of a weapon in the second degree, and after a dispositional hearing, adjudicated him a juvenile delinquent and directed his placement in a nonsecure detention facility with the Administration for Children's Services for a period of up to 18 months, less the period spent in detention pending disposition.
ORDERED that the order of disposition is affirmed, without costs or disbursements.
In this juvenile delinquency proceeding, the Family Court issued an order of fact-finding, made upon the appellant's admission, finding that he had committed an act which, if committed by an adult, would have constituted the crime of criminal possession of a weapon in the second degree. After a dispositional hearing, the court issued an order of disposition which adjudicated the appellant a juvenile delinquent and directed his placement in a nonsecure detention facility for a period of up to 18 months, less the period spent in detention pending disposition.
The Family Court has broad discretion in determining the proper disposition in a juvenile delinquency proceeding (see Family Ct Act § 141; Matter of Yaakov K., 162 AD3d 1028, 1028), and its determination is accorded great deference (see Matter of Shalar N., 162 AD3d 882, 883). "[T]he least restrictive alternative test does not require the court to actually try the lowest form of intervention, have it fail, and then try each succeeding level of intervention before ordering . . . placement" (Matter of Sharice B., 149 AD3d 833, 833 [internal quotation marks omitted]).
Contrary to the appellant's contention, the Family Court did not improvidently exercise its discretion in placing him in the custody of the Administration for Children's Services for a period of up to 18 months, less the period spent in detention pending disposition (see Matter of Jayla K., 165 AD3d 1259, 1260; Matter of Jovan B., 151 AD3d 842, 842). The record establishes that this disposition was the least restrictive alternative consistent with the appellant's best interests and the need for protection of the community (see Family Court Act § 352.2[2][a]), particularly in [*2]light of, among other factors, the seriousness of the offense, his need for increased supervision, his poor school attendance, and the recommendations of the Department of Probation and a Mental Health Services psychologist (see Matter of Jovan B., 151 AD3d at 842; Matter of Nysaiah L., 125 AD3d 776, 777).
BRATHWAITE NELSON, J.P., RIVERA, ZAYAS and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court