Matter of Any Vanessa M. (2026 NY Slip Op 01202)

Matter of Any Vanessa M.

2026 NY Slip Op 01202

Decided on March 4, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 4, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
LINDA CHRISTOPHER
LOURDES M. VENTURA
DONNA-MARIE E. GOLIA, JJ.

2024-07486
 (Docket No. E-455-24)

[*1]In the Matter of Any Vanessa M. (Anonymous), appellant.

Deena L. Moskowitz, Woodmere, NY, for appellant.
Lewis Johs Avallone Aviles, LLP, Islandia, NY (Amy E. Bedell and Caroline K. Hock of counsel), for respondent.

DECISION & ORDER
In a juvenile delinquency proceeding pursuant to Family Court Act article 3, Any Vanessa M. appeals from an amended order of disposition of the Family Court, Nassau County (Ayesha K. Brantley, J.), dated July 17, 2024. The amended order of disposition, insofar as appealed from, upon an order of fact-finding of the same court dated June 25, 2024, made upon the admission of Any Vanessa M., finding that she committed an act which, if committed by an adult, would have constituted the crime of manslaughter in the first degree, after a dispositional hearing, and upon adjudicating her a juvenile delinquent and placing her in the custody of the New York State Office of Children and Family Services for a period of three years, directed that the period of placement is only less the period spent in detention pending disposition from May 24, 2024, to July 3, 2024.
ORDERED that the amended order of disposition is modified, on the law, by deleting the provision thereof directing that the period of placement is "less the period spent in detention pending disposition from May 24, 2024 to July 3, 2024," and substituting therefor a provision directing that the period of placement is "less the period spent in detention pending disposition from April 15, 2019, to July 3, 2024"; as so modified, the amended order of disposition is affirmed insofar as appealed from, without costs or disbursements.
On May 24, 2024, the appellant admitted to an act which, if committed by an adult, would have constituted the crime of manslaughter in the first degree, a designated felony act (see Family Ct Act § 301.2[8][ii]). In an amended order of disposition dated July 17, 2024, after a hearing, the Family Court adjudicated the appellant a juvenile delinquent and placed her in the custody of the New York State Office of Children and Family Services for a period of three years. The court credited the appellant only with the time she spent in detention between May 24, 2024, and July 3, 2024.
Family Court Act § 353.5(5)(a)(i) provides that the period of a juvenile's placement shall be reduced by the amount of time spent by him or her in detention "prior to the commencement of the placement unless the court finds that all or part of such credit would not serve the needs and best interests of the [juvenile] or the need for protection of the community." "The statutory intent is clear that, absent a specific finding that such credit would not serve the interests of the juvenile or the community, the credit for time in predisposition detention automatically accrues" (Matter of [*2]Miranda C., 103 AD3d 891, 893).
Here, the appellant served more than five years in predisposition detention, but the Family Court credited her with the time spent in detention only from May 24, 2024, to July 3, 2024. As such, the court was required to make a specific finding that crediting the appellant with the entire period of predisposition detention would not serve the interests of the appellant or the community (see Family Ct Act § 353.5[5][a][i]; Matter of Sharice B., 149 AD3d 833, 834). However, the court failed to do so. Accordingly, the appellant is entitled to credit for all predisposition detention as a result of the charge that culminated in the period of placement (see Family Ct Act § 353.5[5][a][i]; Matter of Sharice B., 149 AD3d at 834; Matter of Miranda C., 103 AD3d at 894). Based on the award of credit, the period of placement expired, and we direct the New York State Office of Children and Family Services to release the appellant from its custody (see Matter of Miranda C., 103 AD3d at 894).
BRATHWAITE NELSON, J.P., CHRISTOPHER, VENTURA and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court